1 iPRICE, Judge Pro Tern.
This case arises from an automobile accident wherein the appellant, Charlie Weston, was struck by a rental vehicle driven by an unauthorized driver under the terms of the car rental agreement. Plaintiff sued the driver of the vehicle, Crafton Mason, the lessee of the vehicle, Willis Hollis, the owner of the car, National Car Rental System, Inc. (“National”), and its claims service company, Car Rental Claims Service Company (“Car Rental Claims”). National and Car Rental Claims filed an exception of no cause of action, and, in the alternative, a motion for summary judgment.[1] The trial court granted the defendant’s motion for summary judgment and this appeal followed. For the following reasons, we affirm.

*460
FACTS

On October 22, 1992, Charlie Weston was driving his 1991 Isuzu pickup truck in downtown Tallulah when an automobile operated by Crafton Mason made a wrongful left turn and collided with his truck, causing him bodily injury and property damage. The vehicle driven by Mason was owned by National and rented to Willis Hollis. Hollis leased the car from National Car Rental of Jackson, Mississippi.
National is and was self-insured at the time of the accident. National’s rental agreement provides that National, as a self-insured, will extend its financial responsibility to cover the acts of “authorized drivers.” The terms and conditions in its rental agreement provide that only those persons listed on the front of the contract, their family members who reside with them and co-employees, using the vehicle for business purposes, are “authorized drivers.” Hollis was the only authorized driver under the terms of the contract. Hollis’s rental agreement with National did not include Mason as an authorized driver, nor is he a family member or co-employee. As a result, National refused coverage for Mason’s accident in its car.

DISCUSSION

Plaintiff-appellant’s one assignment of error addresses the issue of whether a self-|2insured is obligated to furnish omnibus coverage as provided for in the Louisiana Motor Vehicle Safety Responsibility Law (“LMVSRL”). Plaintiff relies on LRS 32:861, which reads in part:
Sec. 861. Security required
A. (1) Every self-propelled motor vehicle registered in this state ... shall be covered by an automobile liability policy with liability limits as defined by R.S. 32:900(B)(2), or a binder for same, or by a motor vehicle liability bond as defined by Subsection B of this Section, or by a certificate of the state treasurer stating that cash or securities have been deposited with said treasurer as provided by Subsection C of this Section, or by a certificate of self-insurance as provided by R.S. 32:1042.
Obtaining a certificate of self-insurance is one of four ways in which a vehicle owner can comply with the LMVSRL. Plaintiff argues that since LRS 32:1042 was enacted prior to the LMVSRL, it has no effect on and, therefore, should be subject to the LMVSRL’s omnibus coverage requirements. Furthermore, since LRS 32:861 makes reference to and includes LRS 32:900(B)(2), a provision for coverage of permissive users, plaintiff maintains that the legislature must have intended that this requirement should be read to apply to all four methods of complying with the LMVSRL.
Appellant cites two recent Louisiana Supreme Court cases that have ruled on LRS 32:861 and LRS 32:1042, Hearty v. Harris, 574 So.2d 1234 (La.1991) (one concurring opinion and three dissents), and Aisole v. Dean, 574 So.2d 1248 (La.1991). Hearty presented facts identical to this case. Automobile accident victims sued Budget Rent-A-Car and Harris, the lessor and driver of the other car, respectively. Plaintiffs alleged that Harris was operating the vehicle with the express and/or implied permission of the vehicle’s owner and/or lessee. In fact, Na-thanial E. Willis was listed as the “Renter” of the vehicle and, Gerald Elwood was included as an “Additional Driver.” Harris was not listed in the rental agreement as a renter or as an additional driver. The court held that a self-insured car rental agency is not required to provide omnibus liability protection for persons using the vehicle with the express or implied consent of the authorized driver. Furthermore, the majority held that neither LRS 32:1042 nor public policy required a Isself-insured to provide omnibus coverage. While omnibus coverage is required in other methods of complying with the LMVSRL, such protection is not provided for with self-insurance.
In Aisole, an automobile driver sued the school bus driver, the school that leased the bus and the bus’s lessor for injuries suffered when the bus collided with her. The supreme court first noted that the school bus lessor, as a qualified self-insurer under the LMVSRL, did not have to provide omnibus coverage for permissive or consensual users of the bus. However, because of the special relationship and circumstances existing between the lessor and lessee of the school bus, *461 the lessor would be liable for the negligence of the lessee’s driver which caused an automobile collision. The special circumstances the court considered included the following: 1) the school was created by the lessor’s president; 2) the lessor’s officers and family members served on the school’s board of directors; 3) the lease provided that the lessor would insure the bus, thus allowing the school to escape from the financial burden of insurance premiums, and; 4) the lessor provided a certificate of self-insurance to display on the bus. Plaintiff maintains that the court in Aisole looked beyond the principle of law laid down in Hearty to arrive at the intended result of LRS 32:861, et seq.
Plaintiff contends that Hearty, a sharply divided opinion, errs in that it defeats the purpose of the compulsory liability law for cases involving leased vehicles. The purpose of a compulsory liability law is to protect and provide for compensation to persons injured as a result of motor vehicles operated in this state. Weston quotes Justice Dennis in that “a compulsory motor vehicle liability insurance statute is a remedial statute and is to be liberally construed to suppress the mischief intended to be put down and to advance the remedy which it was intended to afford.” Hearty, supra 574 So.2d at 1244 (Dennis, J., dissenting).
While it is unfortunate for one in Weston’s circumstance, Louisiana law is very clear that self-insured car rental companies are not required to cover the acts of unauthorized drivers like Mason and that restrictive language in automobile rental | contracts is enforceable.
Louisiana courts have consistently held exclusions of specific drivers in “automobile liability policies” are permitted and are not against public policy. ... Although we acknowledge that “automobile liability policies” are issued primarily for the protection of the public rather than the insured, it is not the public policy of this state to protect and provide compensation to injured persons at all times. Consequently, we believe it is not against public policy for an automobile rental agency to restrict liability coverage to certain named drivers. The agency has an interest in protecting its property and the right, as the owner of the vehicle, to impose restrictions on the operation and use of the vehicle. This comports with the freedom to contract and the constitutional protection against the impairment of contracts.
Hearty 574 So.2d at 1242. (Citations and footnotes omitted).
The rental contract provided by National unambiguously terminated liability insurance coverage for any driver of a National vehicle not named as an authorized driver. It is undisputed that Mason was not an authorized driver under the terms of National’s contract with Hollis. The district court reluctantly granted National’s motion for summary judgment, concluding that it was bound by the supreme court’s holding in Hearty, supra. We agree that the Hearty decision controls this case.
Therefore, for the foregoing reasons, the judgment is affirmed. Costs of this appeal are assessed to appellant.
AFFIRMED.

. The claim against Car Rental Claims was dismissed prior to the hearing of the exception.