659 So.2d 727 (1995)
Anthony MAYFIELD
v.
IMPERIAL FIRE AND CASUALTY INS. CO. and
Carlton Reedom, RPM Pizza, Inc., and National Union Fire Insurance Co.
No. 95-C-0046.
Supreme Court of Louisiana.
September 5, 1995.
Michael W. Adley, James J. Hautot, Jr., Juneau, Judice, Hill & Adley, Lafayette, for applicant.
James P. Doherty, Andrus & Doherty, Opelousas; Allen J. Mitchell, II, Rickey W. Miniex, Simien & Miniex, Lafayette, for respondent.
KIMBALL, Justice[*].
We granted writs in this case to consider whether a "business use exclusion" in a policy of automobile insurance violates public policy in relation to the Compulsory Motor Vehicle Liability Security Law. La.R.S. 32:861 et seq. The district court and court of appeal held the business use exclusion does not violate public policy. However, a thorough review of the record reveals that material factual issues are in dispute, namely, whether the defendant driver, Carlton Reedom, was in the course and scope of his employment as a pizza delivery driver for RPM Pizza, Inc. d/b/a Domino's Pizza, Inc. at the time of the accident, and thus, whether the business use exclusion in Reedom's automobile insurance policy is even applicable in the first instant. Because it has not yet been determined whether, in fact, the business use exclusion is applicable, the district court and the court of appeal were premature in ruling the business use exclusion does not violate public policy. We therefore reverse the court of appeal judgment and the district court's granting of Imperial Fire and Casualty Insurance Company's motion for summary judgment and remand the case for the parties to conduct further discovery and to develop the record sufficiently such that a determination may be made as to whether Reedom was in the course and scope of his employment and whether the business use exclusion in his automobile insurance policy with Imperial is applicable.
Anthony Mayfield filed a petition alleging he was injured in an automobile accident *728 through the fault of defendant, Carlton Reedom. Mayfield alleged Reedom was delivering pizza at the time of the accident for defendant, RPM Pizza, and was in the course and scope of his employment at the time of the accident. In his petition, Mayfield named as defendants, Reedom, Imperial (the automobile insurer of Reedom), RPM Pizza, and National Union Fire Insurance Company (the insurer of RPM Pizza).[1] Reedom answered with a general denial, denying plaintiff's allegation that he was in the course and scope of his employment at the time of the accident. RPM Pizza and National Union also answered with general denials, denying that Reedom was in the course and scope of his employment.[2] Imperial, however, admitted in its answer that Reedom was in the course and scope of his employment.
Subsequently, Imperial filed a motion for summary judgment based on the business use exclusion in its policy of automobile insurance issued to Reedom. That exclusion reads:
We do not insure any car while it is being used for or in the course of your employment or occupation, unless you have told us the car is for business use, and you have paid the premium for business use.
Imperial submitted the policy of insurance issued to Reedom and Reedom's application for insurance in which he answered "No" to the question "Is Vehicle(s) used Commercially?". Imperial argued in its motion for summary judgment that it had admitted Reedom was in the course and scope of his employment and therefore the business use exclusion was applicable and it owed no coverage under the terms of the policy. The district court granted Imperial's motion for summary judgment without a hearing, stating that "[t]he accident occurred while Reedmon [sic] was delivering pizza for defendant RPM Pizza, Inc." and holding that the business use exclusion did not violate public policy. The court of appeal affirmed.
In all pertinent pleadings, however, Reedom, RPM Pizza, and National Union denied that Reedom was in the course and scope of his employment at the time of the accident. RPM Pizza filed a memorandum in opposition to Imperial's motion, pointing out that there were genuine issues of material fact with regard to whether Reedom was in the course and scope of his employment at the time of the accident, and thus whether the business use exclusion applied. RPM Pizza argued:
The [business use exclusion relied on by Imperial to deny coverage] is applicable only if the vehicle being operated by Carlton Reedom was being used in the course of his employment or occupation. There is absolutely no evidence in the record to conclusively establish that Carlton Reedom was operating his vehicle in the course of his employment or occupation at the time of the accident. While that fact has been alleged by the plaintiff, it has not been admitted by all parties to this lawsuit. Accordingly, that issue, i.e., whether Carlton Reedom was acting in the course and scope of his employment at the time of the accident, is still unresolved. Accordingly, there still remains an issue of material fact. The existence of that issue of material fact precludes the entry of a summary judgment.
We agree with RPM Pizza. There is nothing in the record to show that Reedom was in the course and scope of his employment at the time of the accident. As a result, it cannot be determined at this time whether the business use exclusion relied on by Imperial is even applicable. Imperial's self-serving admission cannot operate to prejudice the rights of other parties in the lawsuit. If Imperial does not owe coverage because the business use exclusion is applicable, then RPM Pizza, National Union, and Reedom would be exposed to greater potential liability. It is clear that this is a contested issue *729 of fact which has been challenged throughout these proceedings by all the defendants except Imperial. There is no evidence in the record on which to base the conclusion that Reedom was in the course and scope of his employment at the time of the accident nor that the business use exclusion is applicable. Accordingly, the district court erred in granting Imperial's motion for summary judgment, as there were material issues of fact as to whether Reedom was in the course and scope of his employment at the time of the accident.
Because it has not yet been determined whether the business use exclusion is applicable, the district court and court of appeal were premature in reaching the issue of whether the business use exclusion violates public policy under the Compulsory Motor Vehicle Liability Security Law. Any decision this court were to render on the validity of the business use exclusion would be purely advisory since it has not yet been determined whether the exclusion is even applicable, and, on remand, it could be found that Reedom was not in the course and scope of his employment at the time of the accident and that the business use exclusion is not applicable. Therefore, we pretermit discussion of this issue.
For the foregoing reasons we reverse the judgments of the court of appeal and district court and remand the case for further proceedings.
REVERSED AND REMANDED.
MARCUS, J., not on panel. Rule IV, Part 2, § 3.
WATSON, J., dissents and assigns reasons.
WATSON, Justice, dissenting.
The trial court stated in reasons for ruling: "The accident occurred while REEDOM was delivering pizza for defendant RPM PIZZA, INC. (RPM)." In view of the trial court's conclusion that Reedom was delivering a pizza for RPM Pizza, Inc., the court errs in failing to consider the merits of the business use exclusion. See my concurrence in RPM Pizza, Inc. v. Automotive Cas. Ins. Co., 601 So.2d 1366 (La.1992).
I respectfully dissent.
NOTES
[*] Judge Morris A. Lottinger, Jr., Court of Appeal, First Circuit, sitting by assignment in place of Justice James L. Dennis.
[1] Originally, Mayfield named only Domino's Pizza, Inc., Reedom, and Imperial. However, Mayfield, upon being informed that the defendant's correct name was RPM Pizza, Inc. d/b/a Domino's Pizza, Inc., subsequently amended his petition to name Reedom, Imperial, RPM Pizza, Inc. d/b/a Domino's Pizza, and RPM's insurer, National Union, as defendants.
[2] Domino's also filed an answer to Mayfield's original petition, denying that Reedom was in the course and scope of his employment.