740 So.2d 603 (1999)
Jesse MARCUS, Linda Marcus, Individually and on behalf of Their Minor Child, Jesse Marcus, Jr.
v.
The HANOVER INSURANCE CO., INC., American Deposit Insurance Co., Inc., J & J Mechanical, Inc., and John F. Sanchez.
No. 98-CC-2040.
Supreme Court of Louisiana.
June 4, 1999.
Rehearing Denied July 2, 1999.
*604 William H. Eckert, Ungarino & Eckert, Metairie, Counsel for Applicant.
J. Reginald Keogh, Stephen M. Whitlow of Keogh, Cox & Wilson, Baton Rouge; Edward B. Kramer, Edward P. Sutherland of Becher & Prendergast, Baton Rouge; Steven J. Koehler, Leefe of Gibb & Koehler, Metairie, Counsel for Respondent.
KIMBALL, Justice.[*]
We granted certiorari in this case to consider whether a "business use exclusion" in an automobile insurance policy violates public policy as found in the Louisiana Motor Vehicle Safety Responsibility Law, La. R.S. 32:851 et seq. and, if so, whether the policy should be construed so as to provide coverage up to the full amount of the policy limits or the minimum amount required by state law. After considering the exclusion at issue and Louisiana's public policy, we hold the business use exclusion violates public policy and is therefore invalid. Furthermore, we hold that in this case the policy should be construed to provide coverage up to the statutorily required minimum.

Facts and Procedural History
On February 4, 1994, plaintiff, Jesse Marcus, and his minor son were injured when their automobile was struck from the rear by another vehicle being driven by John F. Sanchez. At the time of the accident, Sanchez was operating his personal vehicle in the course and scope of his employment with J & J Mechanical, Inc. Suit was filed against Sanchez and his automobile liability insurer, American Deposit Insurance Company, and J & J Mechanical, Inc. and its commercial automobile insurer, Hanover Insurance Company.
The American policy provided $100,000/ $300,000 liability coverage to Sanchez. American, however, denied coverage based on its business use exclusion which excludes coverage for damages resulting from the operation of "any vehicle, including your insured car, in any business other than an auto business." Hanover, J & J and Sanchez filed a third party demand against American, alleging that the American policy provided coverage for the accident and that it owed indemnification to third party plaintiffs. Thereafter, Hanover, J & J and Sanchez filed a motion for declaratory judgment/motion for summary judgment against American. These parties *605 claimed that American's business use exclusion is contrary to public policy and therefore invalid. American then filed its own motion for declaratory judgment/summary judgment, contending that coverage was excluded, or, alternatively, that the policy should be "reformed" to provide the minimum coverage permitted by law or $10,000/$20,000.[1]
The trial court granted summary judgment in favor of Hanover, J & J and Sanchez, finding that American's business use exclusion was contrary to Louisiana's public policy when applied to a person driving the insured vehicle in the course of his employment. The court held that American's policy could not validly exclude coverage for the accident and therefore provided primary coverage for plaintiffs' damages. The court subsequently denied American's motion for declaratory judgment/summary judgment, finding that the full liability limits expressed in the policy applied.
American sought writs which were denied by the court of appeal. American then applied for writs in this court which were granted and the case was remanded to the first circuit for briefing, argument and opinion. 97-2354 (La.12/12/97), 704 So.2d 1178. The court of appeal affirmed the judgment of the trial court. 97-0858 (La.App. 1 Cir. 6/29/98), 713 So.2d 1243. The court of appeal concluded that the business use exclusion in American's policy is contrary to public policy as it violates the Louisiana Motor Vehicle Safety Responsibility Law, La. R.S. 32:851 et seq. The court also concluded that the policy limits, rather than the statutory minimum, should provide the amount of coverage because $100,000/$300,000 were the amounts specifically selected by the parties to the insurance contract. We granted certiorari to review the correctness of that decision. 98-2040 (La.11/13/98), 728 So.2d 873.

Discussion
The Louisiana Motor Vehicle Safety Responsibility Law, found in La. R.S. 32:851-1043, provides a mandatory, comprehensive scheme designed to protect the public from damage caused by motor vehicles.[2]Simms v. Butler, 97-0416, p. 2 (La.12/2/97), 702 So.2d 686, 687; Hearty v. Harris, 574 So.2d 1234, 1237 (La.1991). This statutory scheme is intended to attach financial protection to the vehicle rather than to the operator. Hearty, 574 So.2d at 1237. Pursuant to La. R.S. 32:861 and 862, every owner of a motor vehicle registered in Louisiana is required to obtain proof of security prior to registration and/or the issuance of a driver's license. Louisiana R.S. 32:861(A)(1) allows an owner of a motor vehicle to comply with this requirement by obtaining an automobile liability policy that contains liability limits as defined by La. R.S. 32:900(B)(2). Section 900(B)(2) provides that:
B. Such owner's policy of liability insurance:
* * *
(2) Shall insure the person named therein... against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such motor vehicle ..., subject to limits exclusive of interest and costs with respect to each such motor vehicle as follows:
(a) Ten thousand dollars because of bodily injury to or death of one person in any one accident, and,
(b) Subject to said limit for one person, twenty thousand dollars because of bodily injury to or death of two or more persons in any one accident, and

*606 (c) Ten thousand dollars because of bodily injury to or destruction of property of others in any one accident.
An insurance policy is a contract that constitutes the law between the parties. Pareti v. Sentry Indem. Co., 536 So.2d 417, 420 (La.1988). If the wording of the policy is clear and expresses the intent of the parties, the policy must be enforced as written. Id. Absent a conflict with statutory provisions or public policy, insurers are entitled to limit their liability and to impose reasonable conditions upon the obligations they contractually assume. Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co., 93-0911, p. 6 (La.1/14/94), 630 So.2d 759, 763. However, exclusions contained within the policy that conflict with statutes or public policy will not be enforced.
An insurance policy issued in Louisiana is considered to contain all the provisions required by statute. Simms, 97-0416 at p. 3, 702 So.2d at 688. Any policy provision that narrows or restricts statutorily-mandated coverage will not be enforced. Block v. Reliance Ins. Co., 433 So.2d 1040, 1044 (La.1983). An insurer is not at liberty to limit its liability and impose conditions upon its obligations that conflict with statutory law or public policy. Id.
The Louisiana Motor Vehicle Safety Responsibility Law has as its purpose "the elimination of the reckless and irresponsible driver from the highways by requiring that owners and drivers of motor vehicles provide proof of financial responsibility." Jones v. Henry, 542 So.2d 507, 509 (La.1989). In La. R.S. 22:655(D), the legislature expressly announced our state's public policy regarding liability insurance by stating that liability policies are issued "for the benefit of all injured persons" and that it is the "purpose of all liability policies to give protection and coverage to all insureds." La. R.S. 22:655(D); Norton v. Lewis, 623 So.2d 874, 876 (La.1993). The purpose of the compulsory automobile liability insurance law is not to protect the owner against liability, but to provide compensation for persons injured by the operation of insured vehicles. Adams v. Thomas, 98-2003, p. 5 (La.4/13/99), 729 So.2d 1041. See also Couch, Cyclopedia of Insurance Law, vol. 12A, § 45:682 (2d ed.1981); Edwards v. Automotive Cas. Ins. Co., 92-151, p. 3 (La.App. 3 Cir. 3/2/94), 634 So.2d 1278, 1280; Stanfel v. Shelton, 563 So.2d 410, 412 (La.App. 1 Cir.1990); Fields v. Western Preferred Cas. Co., 437 So.2d 344, 346 (La.App. 2 Cir.1983).

Validity of Exclusion
The first issue in this appeal is whether the "business use exclusion," which excludes coverage for damages resulting from the operation of "any vehicle, including your insured car, in any business other than an auto business," violates these statutory provisions and the legislature's intent in enacting the compulsory automobile liability insurance law. It is undisputed that Sanchez was using his personal vehicle insured by American in the course and scope of his employment when the accident occurred. Thus, this issue is squarely presented for our review because coverage for the accident would be precluded under the clear and unambiguous terms of the exclusion if the exclusion is found not to contravene applicable statutory provisions and/or public policy.
The appellate courts in our state have rendered conflicting decisions with respect to this and related issues. The first circuit in the instant case and in an earlier case, Stanfel v. Shelton, 563 So.2d 410 (La.App. 1 Cir.1990), held that such an exclusion violates public policy. In the case presently before this court, the first circuit relied on Stanfel, which held that an exclusion similar to the one at issue conflicted with the mandatory omnibus clause and was therefore invalid, to reach its conclusion that the exclusion was unenforceable. The Stanfel court reasoned that the exclusion conflicted with the compulsory law because *607 it attempted to exclude coverage for vehicles used in the course of employment, even though at the time of the accident defendant was using the insured vehicle with the owner's permission. Thus, the statutory provision mandating compulsory insurance for all drivers who used the insured's vehicle with her permission must prevail over exclusions that conflict with the statute. The third and fourth circuits, on the other hand, have held that such a business use exclusion is not contrary to public policy and therefore valid. See Mayfield v. Imperial Fire & Cas. Ins. Co., 94-696 (La.App. 3 Cir. 12/7/94), 647 So.2d 627, rev'd on other grounds, 95-0046 (La.9/5/95), 659 So.2d 727, and Morris v. American Sur. & Fidelity Ins. Co., 573 So.2d 1227 (La.App. 4 Cir.1991), respectively. These courts held that where a policy excludes a specific risk rather than a specific class of users, there is no conflict with the compulsory insurance laws. In construing the automobile business exclusion, another use exclusion similar to the one at issue which excludes coverage when an owned auto is used by a person employed or otherwise engaged in the auto business,[3] the first, third, fourth and fifth circuits have held the exclusion violates public policy because it conflicts with the so-called "omnibus clause." These courts found that because the exclusion conflicted with the statutory provisions mandating compulsory insurance for all drivers who use the insured's vehicle with his permission, the exclusion was unenforceable. McCrossen v. Star Auto Service, Inc., 628 So.2d 1350 (La.App. 5 Cir.1993); Arnaud v. Commercial Union Ins. Co., 594 So.2d 992 (La.App. 3 Cir.1992); Louisiana Farm Bureau Cas. Ins. Co. v. Darjean, 554 So.2d 1376 (La.App. 1 Cir.1989); Rudison v. Richard, 526 So.2d 369 (La.App. 4 Cir. 1988). The second circuit has held that an exclusion of liability coverage for a named employee of the insured who was driving the insured's vehicle in the course of his employment conflicts with the statutory omnibus coverage and is therefore invalid. Fields v. Western Preferred Cas. Co., 437 So.2d 344 (La.App. 2 Cir.1983). The first and second circuits have held that another type of business use exclusion which excludes coverage for the use of any vehicle in any business or occupation except when the vehicle being used is a private passenger auto, or a truck or van owned by the insured is valid and does not conflict with the compulsory liability insurance laws. See Parker v. American Guar. & Liability Ins. Co., 93-1556 (La.App. 1 Cir. 5/20/94), 637 So.2d 788; Krider v. Dixon, 609 So.2d 1089 (La.App. 2 Cir.1992).
Of the other courts around the nation that have considered the above exclusions with reference to their compulsory liability insurance laws, most have concluded that such exclusions conflict with public policy and are unenforceable. See Smith v. Southeastern Fidelity Ins. Co., 258 Ga. 15, 365 S.E.2d 105 (1988) (holding business use exclusion similar to one at issue is contrary to statute requiring minimum coverage and therefore invalid); Pennsylvania Nat'l Mut. Cas. Ins. Co. v. Parker, 282 S.C. 546, 320 S.E.2d 458 (App.1984) (holding business use exclusion similar to one at issue is contrary to statute requiring minimum coverage and therefore invalid); DeWitt v. Young, 229 Kan. 474, 625 P.2d 478 (1981) (holding automobile business exclusion contrary to compulsory insurance laws and therefore unenforceable); Hartford Accident & Indem. Co. v. Travelers Ins. Co., 167 N.J.Super. 335, 400 A.2d 862 (1979) (holding automobile business exclusion conflicts with Financial Responsibility Law and therefore invalid); Nationwide Mut. Ins. Co. v. Aetna Life & Cas. Co., 283 N.C. 87, 194 S.E.2d 834 (1973) (holding automobile use exclusion is against public policy as expressed in financial *608 responsibility laws and therefore invalid); Exchange Cas. & Sur. Co. v. Scott, 56 Cal.2d 613, 15 Cal.Rptr. 897, 364 P.2d 833 (1961) (holding automobile use exclusion contravenes public policy and therefore unenforceable); Universal Underwriters Ins. Co. v. American Motorists Ins. Co., 541 F.Supp. 755 (N.D.Miss.1982) (holding automobile use exclusion contrary to financial responsibility laws and therefore invalid). But see United Services Automobile Ass'n v. Reilly, 122 Or.App. 459, 858 P.2d 457 (1993) (holding exclusion for business use of non-owned vehicle not contrary to financial responsibility laws); Murray v. Remuck, 108 R.I. 179, 273 A.2d 491 (1971) (holding automobile business exclusion not contrary to public policy or minimum statutory requirements).
In considering a related issue, we recently held that an exclusion in an automobile liability policy that excludes the named insured and anyone driving the insured vehicle with the permission of the named insured who has an invalid driver's license is unenforceable because it contravenes the purpose of La. R.S. 32:900(B)(2) and La. R.S. 22:655(D). Adams v. Thomas, 98-2003 (La.4/13/99), 729 So.2d 1041. We reasoned that if such an exclusion were upheld, it would "exclude coverage of an entire class of drivers who would otherwise be covered under the omnibus clause" of the policy and would result in an "impermissible restriction on the intent and purpose of the legislature's statutory scheme." Id. at p. 6, 729 So.2d at 1044. Furthermore, we noted that the illegality of the act of driving with an invalid driver's license does not give rise to the validity of such an exclusion of insurance coverage.
In this case, we likewise conclude the business use exclusion that excludes from coverage the named insured while operating his insured car in "any business other than an auto business," contravenes the purpose of the Louisiana Motor Vehicle Safety Responsibility Law and La. R.S. 22:655(D), which is to provide compensation for persons injured by the operation of an insured vehicle. If the exclusion were upheld, a named insured driving his personal, insured vehicle in his own or someone else's business would be denied coverage. This result would undermine the intent and purpose of the statutory scheme enacted to ensure that all Louisiana motorists have available to them automobile liability insurance coverage. The statutory scheme is intended to attach financial protection to the vehicle regardless of the purpose for which the vehicle is being operated. Similarly, the goal of all liability policies, which is to benefit injured persons and to give protection and coverage to all insureds, cannot be realized if the instant exclusion is allowed to be enforced. An anomalous result would be created if the rights of third parties, for whose protection the law was adopted, could be defeated by the private agreements of two parties. Further, if we were to sanction the exclusion at issue, motorists would be allowed to drive in and out of coverage, depending on the purpose of a particular excursion, which would wreak havoc on the legislature's goal in enacting an orderly and comprehensive scheme designed for the protection of injured victims of careless drivers. Moreover, if we were to find the exclusion to be valid and enforceable, an undue burden would be placed on some named insureds to determine whether their employer's insurance policy provides coverage for their business-related travel. Finally, enforcing the exclusion could place many named insureds in the untenable position of deciding whether to refuse to undertake business-related vehicle travel and risk losing their jobs or to embark on a business trip without mandated coverage. Because the purpose of automobile liability coverage is the protection of the injured person and the coverage and protection of the insured and the business use exclusion at issue contravenes this purpose, the exclusion is invalid and unenforceable.
It is not the prerogative of the judiciary to ignore the public policy decisions *609 that underlie particular legislation or to re-weigh balances of interests and policy considerations previously struck by the legislature. Progressive Sec. Ins. Co. v. Foster, 97-2985, p. 21 (La.4/23/98), 711 So.2d 675, 688. Furthermore, it is not the courts' role to consider the wisdom of the legislature in adopting statutes. Id. Obviously, if the legislature wishes to allow coverage of the named insured driving his insured vehicle in "any business other than an auto business" to be excluded, it can expressly do so. At the present time, however, the instant business use exclusion is unenforceable. Accordingly, the court of appeal's decision on this issue is affirmed.

Limits of Coverage
We must now determine whether American's policy, which must be construed so as to provide coverage for the accident at issue, affords coverage for its stated policy limits of $100,000/$300,000 or for the minimum required statutory limits of $10,000/$20,000. Our courts of appeal have reached conflicting decisions regarding this issue also. The first circuit in the instant case held that the coverage afforded should be that of the full policy limits, stating that "coverage should be afforded in the amounts specifically selected by the parties to the insurance contract." 97-0858 at p. 9, 713 So.2d at 1247. The court distinguished its decision in Mattingly v. State Through Dept. of Health and Human Resources, 509 So.2d 82 (La.App. 1 Cir.1987), a case where it held a $100,000 deductible in a policy that provided bodily injury and property damage liability limits of $20,000 per occurrence was against public policy and must be made to provide the minimum coverage required by law. The fourth and fifth circuits have also held that where an exclusion has been held invalid due to a conflict with our compulsory liability insurance laws, the policy should be construed to effect coverage up to the full limits of the policy. Cinquemano v. Underwood, 611 So.2d 838 (La.App. 4 Cir. 1992); McCrossen v. Star Auto Service, Inc., 628 So.2d 1350 (La.App. 5 Cir.1993). The second circuit, on the other hand, has held that the policy will only be required to provide the minimum coverage mandated by our compulsory liability insurance law. Fields v. Western Preferred Cas. Co., 437 So.2d 344 (La.App. 2 Cir.1983). The third circuit has not ruled consistently on this issue. Compare Threats v. Derousselle, 93-1047 (La.App. 3 Cir. 4/6/94), 636 So.2d 276 (full policy limits) with Arnaud v. Commercial Union Ins. Co., 594 So.2d 992 (La.App. 3 Cir.1992) (statutory minimum).
The general rule in other states is that where the insurer's liability is based upon the terms of compulsory automobile liability insurance or financial responsibility statutes, the extent of the insurer's liability should be governed by the terms of the statute rather than those of the policy. Accordingly, even where the policy provides greater coverage limits, recovery has been limited to the minimum coverage required by law. See 29 A.L.R.2d 817 and cases cited therein. See also DeWitt v. Young, 229 Kan. 474, 625 P.2d 478 (1981) (holding that the invalid exclusion was clear and unambiguous and therefore afforded no coverage in excess of the required minimum); Universal Underwriters Ins. Co. v. American Motorists Ins. Co., 541 F.Supp. 755 (N.D.Miss.1982) (adhering to the "general rule" and finding the exclusion void only as to the minimum coverage required by statute).
We believe that in the instant case the applicable limits of coverage should be the minimum required by statute. Hanover cites no authority, and we discern none, that, apart from the statute, the business use exclusion is void as a matter of public policy. In this case, there is no suggestion that the insurer intended to subvert public policy when it included the business use exclusion in its policy. As discussed above, the circuit courts of our state had reached inconsistent conclusions regarding whether business use exclusions contravene statutory law and the public policy *610 behind it. Thus, the law in this area was unsettled and American was not in bad faith in including the business use exclusion in its policy. To hold that the full policy limits apply to provide coverage in this case would thwart the intentions of the parties to this contract even more because the intent of the parties, as evidenced by the business use exclusion included in the contract, was that there be no coverage at all when the insured vehicle was used in "any business." For all these reasons, we hold the American policy provides the statutorily required minimum limits of coverage for this accident. The court of appeal's decision on this issue is reversed.

Conclusion
Because the business use exclusion contained in American's policy of automobile liability insurance contravenes our compulsory liability insurance law and the public policy of this state, which is to provide compensation to injured third parties, we hold it is invalid and therefore unenforceable. We further hold that because our compulsory liability insurance law requires the issuance of liability insurance with $10,000/$20,000 limits and because American had no intent to thwart such law and the public policy behind it, its policy will be construed to provide the statutorily required minimum limits of coverage. The trial court's judgment on the issue of coverage is affirmed and its judgment on the issue of the amount of coverage provided is reversed. The case is remanded to the trial court for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
LEMMON, J., concurs and assigns reasons.
CALOGERO, C.J., and MARCUS, J., concur in part, dissent in part and assign reasons.
LEMMON, J., Concurring.
This is a case of statutory violation,[1] and it is critical to focus on which statute was violated by this particular automobile liability insurance policy exclusion.
In Adams v. Thomas, 98-2003 (La.4/11/99), 729 So.2d 1041, this court recently reviewed a policy exclusion that denied coverage when the driver did not have a valid driver's license. We held that such an exclusion violates La.Rev.Stat. 32:900 B(2), which requires an owner's policy of automobile liability insurance to provide coverage to a driver who is operating the vehicle with the permission of the named insured.
The statutes violated in the present case were La. Rev. Stats. 32:861 and 862, which require every owner of a motor vehicle to provide security for the motoring public, generally by obtaining an automobile liability insurance policy that contains liability limits specified in La.Rev.Stat. 32:900 B(2), which in turn requires every owner's policy of liability insurance to insure the named insured and other insured persons with mandatory minimum limits of $10,000 and $20,000. The policy exclusion at issue violated these statutes by denying any coverage for certain uses of the vehicle. The issue of vehicle usage is more properly addressed to the application for insurance and the process for calculating premiums.
The appropriate remedy for a policy exclusion's violation of a statute presents a difficult question. In Adams, there was only a $10,000/$20,000 policy, and the court, after invalidating the exclusion, was not faced with the issue of whether the applicable policy limits were the amount *611 stated in the policy or the mandatory minimum amount.
The instant case squarely presents that issue, but in the context of a different statutory violation. In Adams, the exclusion that violated the omnibus coverage requirement was invalid at any level of policy limits. In the present case, however, the exclusion that violates the mandatory minimum liability insurance coverage requirement would have been valid if it had denied coverage over the mandatory minimum amount when the vehicle is being operated "in any business other than an auto business." There appears to be no statutory basis for denying applicability of the exclusion to deny coverage over the mandatory minimum amount required by the pertinent statutes. The exclusion which, in effect, only partially violated the statutes needs only to be partially deleted.
In summary, I would hold that the pertinent statutes "write" coverage into the policy up to the mandatory minimum amount, just as this court held in Adams that a different statute "writes" coverage into the policy for a driver operating a vehicle with the permission of the named insured.
CALOGERO, Chief Justice, concurring in part and dissenting in part.
I concur in the portion of the majority's opinion invalidating the business use exclusion. However, I disagree with the portion which reforms the policy to provide only the minimum statutory policy limits. This issue has been considered by a number of jurisdictions, many of which admittedly favor the majority's approach. However, I am inclined to adopt the rule favored by a respectable number of jurisdictions that policy exclusions which violate statutory minimum liability requirements should be rendered totally unenforceable, thereby permitting liability coverage up to the amount of excess liability coverage purchased by an insured. See Meyer v. State Farm Mut. Auto. Ins. Co., 689 P.2d 585, 592-93 (Colo.1984); Hughes v. State Farm Mut. Auto. Ins. Co., 236 N.W.2d 870, 886 (N.D.1975); Kish v. Motor Club of Am. Ins. Co., 108 N.J.Super. 405, 261 A.2d 662, 666 (1970); Threats v. Derousselle, No. 93-1047 (La. App. 3d Cir.4/6/94), 636 So.2d 276; Cinquemano v. Underwood, 611 So.2d 838, 840 (La.App. 4th Cir.1992), writ denied, 617 So.2d 909 (La.1993); Allstate Ins. Co. v. Sullivan, 643 S.W.2d 21, 23-24 (Mo.Ct. App.1982); see also Farmers Ins. Group v. Reed, 109 Idaho 849, 712 P.2d 550 (1985); Collins v. Farmers Ins. Co. of Or., 312 Or. 337, 822 P.2d 1146, 1151-62 (1991) (Unis, J., dissenting) (Van Hoomissen & Fadely, JJ., joining in the dissent of Unis, J.). In any event, it is not for other jurisdictions to decide this significant question of Louisiana insurance law. Rather, that is the business of this Court.
The majority reasons that the policy should be reformed to provide only $10,000/$20,000 coverage, stating:
Hanover cites no authority, and we discern none, that, apart from the statute, the business use exclusion is void as a matter of public policy. In this case, there is no suggestion that the insurer intended to subvert public policy when it included the business use exclusion in its policy. As discussed above, the circuit courts of our state had reached different conclusions regarding whether the business use exclusions contravene statutory law and the public policy behind it. Thus, the law in this area was unsettled and American was not in bad faith in including the business use exclusion in its policy.
Essentially, because the exclusion had not already been declared by this Court to be violative of public policy, the majority excuses the violation by concluding that the policy should be reformed to provide only $10,000/$20,000 coverage rather than $100, 000/$300,000 coverage. In my view, it is inappropriate to declare the exclusion invalid based upon a statutory provision, but then to limit the adverse impact of the *612 violation on the premise that the insurer did not know any better at the time it issued the policy.
If American had attempted to limit rather than totally exclude liability, American's policy would have clearly stated that it provided only $10,000/$20,000 coverage, which would have made the insured aware of the precise amount of coverage provided, other than $100,000/$300,000, in the discreet situation of business use. This is consistent with the express language and public policy of Louisiana's Motor Vehicle Safety Responsibility Law, which mandates that an automobile liability policy "shall state ... the coverage afforded by the policy." La.R.S. 32:900(D). American should not reap the benefit of minimal statutory coverage without providing conspicuous, express notice of its reduced liability.
The facts of this case demonstrate the significance of the statutory requirement that minimal coverage be clearly and expressly stated. The insured likely believed that the policy provided $100,000/ $300,000 coverage when the vehicle was being used for business. In fact, the trial court noted that the insured had only a fourth grade education, that he did not understand, nor did anyone explain, the document he was signing, that he and his insurance agent were "pretty close friends," that the agent was aware of the insured's occupation, and that the insured assumed the agent knew how the insured vehicle was to be used.
Thus, a second feature of Louisiana's public policy, other than that requiring minimum liability coverage, is at issue here, namely that of requiring insurers to expressly notify insureds of the amount of liability coverage purchased. I fail to see how an insurer's lack of intention to subvert the compulsory liability statute is cause to limit its liability, when the statute violated by the insurer was intended to protect the insured. I find no compelling reason to sacrifice the insured's statutory right to know his policy limits to the insurer's purported good-faith violation of the compulsory liability statute.
Justice Unis in his well-reasoned dissent in Collins, 822 P.2d at 1155 addressed a similar issue, stating:
The distinction between an insurance policy that grants the required liability coverage by its own terms and an in insurance policy that provides the required liability coverage by operation of law is consistent with the purpose of the statutory provisions regulating insurance companies. Making the distinction meaningful encourages insurance companies to provide clear notice of the coverage to insureds (i.e., to grant the coverage) that is conferred by law in order to gain limited liability.
Id. (quoting Collins v. Farmers Ins. Co., 101 Or.App. 463, 791 P.2d 498 (1990)). In effect, the majority's holding will dissuade insurance companies from precisely identifying the basic terms of the insurance contract, and in this case has deprived the insured of the coverage which he thought he purchased.
For the foregoing reasons, I respectfully concur in part and dissent in part.
MARCUS, Justice (concurring in part and dissenting in part).
I concur in the majority's holding that the business use exclusion is contrary to public policy as it violates the Louisiana Motor Vehicle Safety Responsibility Law and La. R.S. 22:655(D). Therefore, the exclusion should not be enforced. However, I would affirm coverage for the stated policy limits of $100,000/$300,000 because those were the amounts specifically selected by the parties to the insurance contract.
Accordingly, I concur in part and dissent in part.
NOTES
[*] KNOLL, J., not on panel. See Rule IV, Part 2, Section 3.
[1] American also asked that the trial court declare the policy void ab initio based upon a material misrepresentation made by Sanchez in his application for insurance. This issue is not before us in this case.
[2] The Louisiana Motor Vehicle Safety Responsibility Law contains the Compulsory Motor Vehicle Liability Security Act, La. R.S. 32:861-866, and the state's Proof of Financial Responsibility Law, which includes La. R.S. 32:900.
[3] The automobile business is typically defined as the business or occupation of selling, repairing, servicing, storing or parking of autos. See generally Cinquemano v. Underwood, 611 So.2d 838 (La.App. 4 Cir.1992); Arnaud v. Commercial Union Ins. Co., 594 So.2d 992 (La.App. 3 Cir.1992); Rudison v. Richard, 526 So.2d 369 (La.App. 4 Cir.1988).
[1] I do not perceive any public policy violation in the exclusion presently under review. One motivation of the insurer for this exclusion was to deflect the responsibility for insurance coverage of vehicles used in business to the owner of the business, and arguably the insurer could have validly made the business owner's liability policy primary and the individual's policy secondary.