JjJudge MAX N. TOBIAS, JR.
Allstate Insurance Company (“Allstate”) has filed this appeal to address the manner in which the trial court calculated the plaintiffs damages. After reviewing the record, we amend the judgment and affirm the judgment as amended.
The plaintiff, Leonard Dunn, sustained personal injuries after he was involved in a car accident with the defendant, Claire Builodeau. Mr. Dunn filed suit against Ms. Builodeau, her insurance company, Shelter Insurance Co. (“Shelter”), and Mr. Dunn’s uninsured motorist (UM) insurer, Allstate. Before trial, Shelter tendered its policy limits of $10,000 to Mr. Dunn, after which Shelter and its insured were dismissed from the litigation.
The case proceeded to trial on 1 February 1999. The trial court found in favor of the plaintiff and awarded him $34,493.49 in damages. The trial court further found that the plaintiff was contributory negligent and assessed his fault at fifty percent. In calculating the amount to be paid by Allstate, the trial court first deducted the $10,000 settlement and then reduced that amount ($24,493.49) by fifty percent, leaving a balance of $12,246.75.
| ¡¡Allstate has filed the instant appeal, arguing that the trial court erred in its methodology. Allstate contends that the court should have first reduced the damage award of $34,493.49 by fifty percent, the plaintiffs contributory negligence, and then deducted the settlement of $10,000, leaving a balance of $7,246.75 to be paid by Allstate. Plaintiff opposes the appeal, ar *897 guing that the trial court correctly calculated the damages and that the judgment should be affirmed.
Although Allstate argues that La. C.C. art. 2323[1] is applicable to the issue presented in this appeal, we find that the insurance policy issued by Allstate to the plaintiff is dispositive of this issue.
A certified copy of the policy was entered into the record by joint stipulation at the trial. Contained in the policy is an endorsement entitled “Louisiana Uninsured Motorist Coverage Bodily Injury.” Paragraph A(l) provides as follows:
Coverage
We will pay all sums the “insured” is legally entitled to recover as damages from the owner or driver of an “uninsured motor vehicle.” The damages must result from “bodily injury” sustained by the “insured” caused by an “accident.” The owner’s or driver’s liability for these damages must result from the ownership, maintenance or use of the “uninsured motor vehicle.”
An insurance policy is a contract that constitutes the law between the parties. Marcus v. Hanover Ins. Co., 98-2040, p. 4 (La.6/4/99), 740 So.2d 603, 606. If the wording of the policy is clear and expresses the intent of the parties, the policy 13must be enforced as written. Id. Based on the clear language of the policy, we find that the percentage of fault assessed to the plaintiff must first be deducted to arrive at the sum the plaintiff is “legally entitled to recover as damages” from the driver of the other vehicle. Thus, the total of award of $34,493.49 is reduced by fifty percent to arrive at the sum of $17,246.75. Then the settlement amount paid by Shelter of $10,000 is deducted, leaving a balance of $7,246.75 due from Allstate.
Finally, the plaintiff has argued that we should assess damages against Allstate for a frivolous appeal. See La. C.C.P. art. 2164. Because we have found in Allstate’s favor, we need not address the issue.
Accordingly, the judgment of 9 June 1999 in favor of the plaintiff is amended to $7,246.75. In all other respects, the judgment is affirmed.
AMENDED; AFFIRMED AS AMENDED.

. La. C.C. art 2323 provides in pertinent part: If a person suffers injury, death, or loss as the result partly of his own negligence .... the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death or loss.