975 So.2d 777 (2008)
Scottie HARRELL and Mary Harrell, individually and on behalf of their Minor Son, Daniel Harrell, Plaintiffs-appellees
v.
CURRIE, Frank Ellis, individually and d/b/a Supersweep Service, Republic Vanguard Insurance Company and ABC Insurance Company, Defendants-Appellants.
No. 43,001-CA.
Court of Appeal of Louisiana, Second Circuit.
February 13, 2008.
Davenport, Files & Kelly by Michael J. Fontenot, Clint R. Hanchey, Monroe, for Defendants Appellants Frank Ellis, Susan Ellis and Joshua Currie.
Smith & Ungarino by Brian D. Smith, Shreveport, Matthew J. Ungarino, Metairie, for Third Party Appellee Community Financial Ins. Center.
M. Randall Donald, West Monroe, for Third Party Appellees Frank Ellis and Susan Ellis.
Richard L. Fewell, Jr., for Plaintiffs Appellees Scottie Harrell, Mary Harrell and Daniel Harrell.
Before STEWART, PEATROSS and DREW, JJ.
STEWART, J.
At issue in this appeal from a summary judgment is the validity of an endorsement in a commercial lines liability policy providing full coverage up to the policy limits for listed drivers but only the statutory minimum required coverage for nonlisted drivers. The trial court found the endorsement binding on the parties to the policy and granted judgment in favor of the insurer, Republic-Vanguard Insurance Company. We affirm.

FACTS
This dispute arises from an automobile accident that occurred on October 27, 2003, when a vehicle driven by Daniel Harrell, a minor, was hit from behind by a street sweeper driven by Joshua Currie, an employee of Super Sweep Service (Super Sweep), a street cleaning business. The impact pushed Daniel's vehicle into the vehicle ahead of him and that vehicle hit another. Daniel sustained a broken nose and other injuries. His parents, Scottie and Mary Harrell, sued Currie, Super Sweep, its owner Frank Ellis, and its insurer Republic-Vanguard.
Republic-Vanguard claimed that the commercial lines policy covering Super Sweep had been cancelled for nonpayment of the full premium prior to the accident. Denying the cancellation, Ellis and Super *779 Sweep filed a third-party demand against Republic-Vanguard asserting its liability for any damages found due and attorneys fees for its failure to provide a defense for its insured. The cancellation issue was argued before the trial court and submitted for judgment. The trial court ruled that the policy was still in effect at the time of the accident due to Republic-Vanguard's failure to comply with La. R.S. 9:3550 by timely returning the unearned premiums to its insured after sending notice of cancellation.
After the adverse judgment on its cancellation defense, Republic-Vanguard alleged in a supplemental answer that an endorsement to the policy limited its exposure to the statutory minimum. The trial court granted an order allowing Republic-Vanguard to deposit $20,000 into the registry of the court. This amount was the total liability uncontested by the insurer. Republic-Vanguard then filed a motion for summary judgment. It alleged that though the policy provided $1,000,000 in liability coverage, an endorsement to the policy limited this coverage to "listed drivers." Only Frank Ellis was a listed driver. Under the endorsement, coverage for the accident involving Currie, who was not a listed driver, was reduced to the statutory minimum required by state law. The policy application, the policy, and the endorsement signed by Susan Ellis, who procured the coverage for Super Sweep and is Frank Ellis's wife, were offered in support of the motion.
In opposing summary judgment, Super Sweep and Ellis argued that there were issues of material fact, namely, that the endorsement was not a part of the policy when issued and that the premium was not reduced even though the endorsement reduced the coverage provided by the policy. They also argued that the endorsement violated public policy and La. R.S. 32:900(B)(2)(d) governing the exclusion of a named person as an insured. Additionally, Ellis and Super Sweep filed a third-party demand against the insurance agency, Community Financial Insurance Center, f/k/a Bankers Insurance Center, L.L.C., and d/b/a Troy & Montgomery Insurance, L.L.C., that assisted in procuring the policy. They alleged that the agent, Matt Stevens, failed to properly explain the endorsement to Susan Ellis.
The trial court granted Republic-Vanguard's motion for summary judgment thereby limiting its liability to the amount it had deposited into the registry of the court and dismissing the claims against it stemming from the accident, while reserving the rights of Ellis and Super Sweep on their demand relating to Republic-Vanguard's initial failure to provide a defense.
Ellis and Super Sweep asked the trial court for a new trial on the summary judgment based on the affidavit of Matt Stevens. The affidavit states that Stevens assisted Susan with the insurance application and submitted it to Republic-Vanguard. After the coverage was issued, the insurer requested execution of the endorsement. Stevens explained it to Susan, who signed. It was then returned to Republic-Vanguard. Stevens said that Republic-Vanguard would have cancelled the policy if the endorsement had not been signed. As an alternative to a new trial, Ellis and Super Sweep sought to have the summary judgment certified as a final judgment for appeal.
The trial court refused to grant a new trial. Thereafter, Ellis and Super Sweep filed this appeal.

DISCUSSION
In seeking reversal of the trial court's judgment, Ellis and Super Sweep argue that the endorsement is against public *780 policy. The endorsement at issue states, in relevant part:
In consideration of the premium charged, it is hereby agreed that the policy limits afforded by this policy and all endorsements attached hereto, shall only apply to any claim arising from an "accident" which occurs while a covered auto is being driven, used or operated by a "listed operator."
A "listed operator" shall be defined as any commercially licensed operator or driver specifically listed on your application for the insurance coverage provided herein and any additional drivers which subsequently may be added to the list of operators covered by this policy as set forth herein.
In order that an additional operator may be added to the list of operators covered by this policy, you shall notify your agent in writing of the name, date of birth, date of hire and commercial drivers license number of any such additional operators you wish to be added to the policy of insurance prior to such operator's receipt of permission from you to operate a covered auto. In the event of your failure to so notify your agent, the new operator shall not be a listed operator under this policy and the coverage limits hereunder will be reduced as stated herein. All written request [sic] should be mailed to your agent.
The policy limits afforded by this policy for any claim arising out of an accident involving the operation or use of a covered auto by an individual, otherwise covered by this policy, who does not qualify as a listed operator, shall be the minimum statutory limits required by the State having jurisdiction where the covered auto is being used, operated, or driven at the time of the accident.
Susan Ellis initialed and signed the endorsement.
Though appellees claim this is a matter of first impression, an almost identical endorsement was held to be valid and enforceable by this court in Adams v. Falcon Equipment Corp., 30,754 (La. App.2d Cir.8/21/98), 717 So.2d 282, writs denied, 1998-2472 (La.11/18/98), 729 So.2d 1 and 1998-2451 (La.11/20/98), 729 So.2d 561. Falcon had leased equipment to Breck Construction Company. Because they had a sizeable lease agreement, Falcon loaned Breck a fifth wheel truck. A Breck employee, Eric Herndon, had just started the truck when it lurched backward hitting Guyon Adams and injuring him. Adams sued Falcon and its insurer, Homestead Insurance Company. Homestead filed a motion for summary judgment asserting that coverage for nonspecified operators was limited by an endorsement to the minimum statutory limits required in the state where the accident occurred. In Adams, supra, that state was Arkansas. The endorsement in the Homestead policy referred to a "specified operator" as one either listed on the application or subsequently added to the policy. Homestead argued that Arkansas's minimum limits applied, because Herndon was not a specified operator under the policy. Falcon and Adams argued that the endorsement was ambiguous, claiming it was unclear whether specified operators had to be employees of Falcon and claiming the policy contemplated full coverage for drivers who had permission to use the vehicle. They also argued that Homestead's interpretation would result in no coverage for nonspecified operators in violation of Louisiana law, La. R.S. 32:900, requiring coverage for permittees.
This court rejected the arguments of Falcon and Adams. The opinion notes that the policy covered 48 vehicles and pieces of equipment and had a list of 40 *781 individuals designated as specified operators. However, Herndon, who was not a Falcon employee, was not on the list. No ambiguity was found in the endorsement, and it applied to limit coverage to Arkansas's statutory minimum. In reaching this result, the court stated:
However harsh the result of this contract may be for Falcon, Homestead had the right to impose conditions upon the obligation it contractually assumed which are not in conflict with statutory provisions or public policy. In the present case, no such conflict has been demonstrated in the endorsement limiting the higher amount of coverage to "specified operators" as that term is defined in the policy.
Adams, 30,754 p. 16, 717 So.2d at 290-291.
We find Adams, supra, to be determinative of this matter. In both cases, the endorsements at issue have the same effect, which is to establish two levels of coverage. Listed or specified operators are insured at the policy limits, whereas nonlisted or nonspecified operators are insured at the applicable state statutory minimum. The endorsement does not exclude coverage for nonlisted drives. Rather, it provides coverage at the state-approved statutory minimum.
An insurance policy is a contract that forms the law between the parties. Marcus v. Hanover Ins. Co., Inc., 98-2040, p. 4 (La.6/4/99), 740 So.2d 603, 606. The policy is to be enforced as written when its language is clear and expresses the parties' intent. Id. Absent a conflict with statutory provisions or public policy, insurers are entitled to limit their liability and to impose reasonable conditions on the obligations they contractually assume.
Adams, 30,754 at p. 13, 717 So.2d at 289.
Provisions that narrow or restrict statutorily-mandated coverage will not be enforced. Marcus, 98-2040 at p. 4, 740 So.2d at 606. Here, the endorsement neither narrows nor restricts the statutorily mandated coverage. It simply applies that coverage to nonlisted operators.
The purpose of the state's compulsory automobile liability law is not to protect the owner of an insured automobile from liability, but to provide compensation for persons injured by the operation of insured autos. Adams v. Thomas, 98-2003, p. 5 (La.4/13/99), 729 So.2d 1041, 1043. Therefore, the fact that Super Sweep may be exposed to an excess judgment due to its vicarious liability for its employee's negligent acts does not mean that the endorsement, which provides the statutory minimum coverage approved by the state legislature, violates public policy.
Moreover, in two instances the supreme court has determined that two-tier coverage, such as that established by the endorsement at issue, does not violate public policy. In Blackburn v. National Union Fire Ins. Co. of Pittsburgh, 2000-2668 (La.4/3/01), 784 So.2d 637, the endorsement lowered the policy limits of $1,000,000 to the statutory minimum when anyone used the covered auto outside the scope of permission of the named insured or outside the course and scope of that person's employment with the named insured. In Lindsey v. Colonial Lloyd's Ins. Co., 595 So.2d 606 (La.1992), the $500,000 policy limits were lowered to the statutory minimum when the insured and customer agreed to the lower limits. Citing Lindsey, supra, the Blackburn court reiterated that two-tier coverage, which provides the minimum liability coverage required by state law, does not violate public policy. Blackburn, 2000-2669 at p. 9, 784 So.2d at 643.
The same result holds here with regard to the public policy arguments put *782 forth by Ellis and Super Sweep. While the result may be harsh for the insured, the policy is clear and unambiguous. The endorsement, in plain language, states its effect on coverage and the steps that must be taken to add a listed operator. Susan Ellis signed this endorsement. A signatory of a document is presumed to have done so with knowledge of its contents, regardless of whether he actually read it. Casten v. Cordell, 26,487, p. 8 (La.App.2d Cir.1/25/95), 649 So.2d 123, 128.
From our de novo review of the record, we find that no genuine issue of material fact exists relevant to whether the endorsement may be enforced and that Republic-Vanguard is entitled to judgment as a matter of law. See La. C.C.P. Art. 966(B).

CONCLUSION
For the reasons explained, we affirm the trial court's summary judgment, and assess costs against the appellants.
AFFIRMED.