GUIDRY, Justice,
concurs in part, dissents in part, and assigns reasons.
_JjI agree with the majority that the automobile business exclusion of the Mississippi Farm Bureau policy applied to the business activity in which Top Hatch, Inc., was engaged, i.e., the after-market installation of leather upholstery. Thus, I agree the court of appeal erred in finding the exclusion did not apply as a matter of contractual interpretation.
However, I disagree with the majority that enforcement of the automobile business exclusion under the facts of this case necessarily violates Louisiana’s public policy with regard to mandatory automobile liability coverage and permissive drivers. As this court explained in Marcus v. Hanover Ins. Co., 98-2040, p. 8 (La.6/4/99), 740 So.2d 603, 608, the “purpose of automobile liability coverage is the protection of the injured person and the coverage and protection of the insured....” I disagree with the majority that Marcus sets forth a broad principle that automobile business exclusions will generally always violate public policy with regard to permissive drivers as expressed in La.Rev.Stat. 32:900(B)(2).
Instead, I would distinguish Marcus on its facts, as did the court in Burgos v. Star Auto Service, Inc., 07-229 (La.App. 5 Cir. 11/13/07), 973 So.2d 29, writ denied, 2007-2406 (La.2/15/08), 976 So.2d 179. As in Burgos, the insurer here, Mississippi | ¡¿Farm Bureau, is not invoking the business exclusion against its named insured, Gregory Hyneman, with regard to the operation of the owned vehicle; instead, the insurer seeks to invoke the exclusion against a third party, defendant Deborah Boudreaux, who is otherwise covered by a garage liability policy issued to her employer, Top Hatch, by Canal Indemnity Company. In my view, “the goal of all liability policies, which is to benefit injured persons and to give protection and coverage to all insureds ...,” Marcus, 98-2040, p. 8, 740 So.2d at 608, is simply not impinged by enforcement of the automobile business exclusion under the facts of this case. Because the driver of the vehicle was insured under her employer’s liability policy, I see no need to determine which policy is primary when an otherwise valid exclusion applies. Accordingly, I would reverse the court of appeal’s decision and reinstate the judgment of the trial court sustaining Mississippi Farm Bureau’s motion for summary judgment.