STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KEVIN MELBERT

VERSUS

COMPSOURCE OKLAHOMA, ET AL.


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 12-05767
CHARLOTTE A. L. BUSHNELL, WORKERS' COMPENSATION JUDGE


**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Shannon J. Gremillion, Judges.


AFFIRMED.


Eric Edward Pope
Blue Williams, L.L.P.
3421 N. Causeway Boulevard – Suite 900
Metairie, LA 70002
Telephone:  (504) 831-4091
COUNSEL FOR:
      Defendants/Appellees - CompSource Oklahoma and TNT Construction

Kevin Melbert
In Proper Person
1107 Highway 10 East
Oakdale, LA 71463

**THIBODEAUX, Chief Judge.**

The claimant, Kevin Melbert, appeals the judgment of the Office of Workers' Compensation (OWC) which dismissed his claims against the employer's insurer, CompSource Oklahoma, on the basis that the insurance policy did not provide coverage to employees injured in Louisiana under the facts of this case. Finding no error on the part of the OWC, we affirm.

## I.

## ISSUES

We must determine whether the trial court erred in finding that no workers' compensation coverage existed in favor of the claimant under the Oklahoma policy.

## II.

## FACTS AND PROCEDURAL HISTORY

Mr. Melbert, a resident of Oakdale, Louisiana, damaged the muscles in his left arm and shoulder on May 30, 2012, while working for TNT Construction in Carlyss, Louisiana. Mr. Melbert was seen at Sulphur Urgent Care on June 11, 2012, and at Oakdale Community Hospital's emergency room on June 18, 2012. He was given specialist referrals, one prescription for pain medication, and was taken off work on June18. A couple of weeks later, Mr. Melbert was convicted of a misdemeanor and incarcerated in Oakdale City Jail for six months.

TNT Construction, an Oklahoma company, was insured by the defendant, CompSource Oklahoma (CompSource). CompSource paid for the

initial visits above, but thereafter denied coverage under the Oklahoma policy for the referrals.

Mr. Melbert's attorney filed a 1008 and then withdrew from the suit, indicating that he had been unable to effect service against TNT at the Florida Street, Oklahoma, address that Mr. Melbert had supplied. CompSource answered the suit and filed a motion for summary judgment, which was denied due to outstanding discovery issues.

Subsequently, at the trial on the merits in January 2014, the OWC found that Mr. Melbert had proved a compensable work injury and was entitled to wage and medical benefits from TNT, who had not answered the claim nor made an appearance in the matter. The OWC also found that Mr. Melbert was entitled to $4,000.00 in penalties against TNT. The OWC issued judgment accordingly against TNT and advised Mr. Melbert that he needed to locate TNT and execute his judgment against this employer.

As to the insurer, CompSource, the OWC dismissed the claims based upon its non-coverage of the Oklahoma employer, TNT, for the Louisiana injuries of Mr. Melbert. For the reasons below, we affirm the dismissal of CompSource.

III.

**STANDARD OF REVIEW**

Factual findings in workers' compensation cases are subject to the manifest error/clearly wrong standard of review. *Banks v. Industrial Roofing & Sheet Metal Works, Inc.*, 96-2840 (La. 7/1/97), 696 So.2d 551. In applying this standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether its conclusion was reasonable. *Id.* Whether or not a policy

2

is ambiguous is a question of law. *La. Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 93-911 (La. 1/14/94), 630 So.2d 759. Appellate review of questions of law is to determine whether the trial court's interpretation of the policy is legally correct. *Brafa v. Christ*, 05-270 (La.App. 3 Cir. 11/2/05), 915 So.2d 957.

IV.

## LAW AND DISCUSSION

Mr. Melbert contends that the trial court erred in dismissing CompSource from the proceedings. His argument is factual, and he cites no law in support of his position.

An insurance policy is a contract that constitutes the law between the parties. La.Civ.Code art.1983; *Marcus v. Hanover Ins. Co.*, 98-2040 (La. 6/4/99), 740 So.2d 603. If the wording of the policy is clear and expresses the intent of the parties, the policy must be enforced as written. *Marcus*, 740 So.2d 603; La.Civ.Code art. 2046. "Absent a conflict with statutory provisions or public policy, insurers are entitled to limit their liability and to impose reasonable conditions on the obligations they contractually assume." *Marcus*, 740 So.2d at 606. Ambiguities are construed against the insurer. *Ledet v. Campo*, 12-1193 (La.App. 3 Cir. 3/6/13), 128 So.3d 1034. *See also* La.Civ.Code art. 2056. Exclusions must be clearly stated. *La. Maint. Servs. Inc. v. Certain Underwriters at Lloyd's of London*, 616 So.2d 1250 (La.1993). *See also* La.Civ.Code art. 2057. The insured bears the burden of proving the coverage exists, but the insurer has the burden of proving that the exclusion applies to the loss claimed. *Doerr v. Mobil Oil Corp.*, 00-947 (La. 12/19/00), 774 So.2d 119, *reh'g granted on limited factual matter*, 00-947 (La. 3/16/01), 782 So.2d 573.

3

CompSource asserts that it is a regional carrier writing workers' compensation coverage primarily for Oklahoma employers doing business principally in Oklahoma; that temporary out of state projects are covered if certain conditions are met; and that those conditions are not met in this case. It argues that its policy did not provide coverage to TNT for Mr. Melbert's injury because he was not hired in Oklahoma, principally working in Oklahoma with an expectation of returning to Oklahoma, or working in Oklahoma at the time of his injury.

The original CompSource form policy provides in pertinent part:

**PART THREE-OTHER STATES INSURANCE**

   **A. How This Insurance Applies**

     1.   This other states insurance applies only if one or more states are shown in Item 3.C. of the Information Page.

     2.   If you begin work in any one of those states after the effective date of this policy and are not insured or are not self-insured for such work, all provisions of the policy will apply as though that state were listed in Item 3.A. of the Information Page.

   . . . .

     4.   If you have work on the effective date of this policy in any state not listed in Item 3.A. of the Information Page, coverage will not be afforded for that state unless we are notified within thirty days.

   **B. Notice**

   Tell us at once if you begin work in any state other than the state of Oklahoma.

Our review of the record reveals that neither Louisiana nor any other state was listed under 3A *or* under 3C of the Information Page, and the record contains no notice of work in Louisiana or any other state.

More specifically, the Information Page provides at 3A and 3C:

3A. WORKERS COMPENSATION INSURANCE: PART ONE OF THE POLICY APPLIES TO THE WORKERS COMPENSATION LAW OF THE STATE OF OKLAHOMA

 . . . .

C. OTHER STATES INSURANCE: PART THREE OF THE POLICY APPLIES TO THE STATES IF ANY, LISTED HERE: NONE, EXCEPT AS SHOWN IN PART 3A.

Moreover, as specifically argued by CompSource, the following "Other States Insurance Endorsement" that replaces Part Three above precludes coverage to Mr. Melbert because all three mandatory conditions are not met:

**PART THREE OTHER STATES INSURANCE**

**A. HOW THIS INSURANCE APPLIES**

I. WE WILL PAY PROMPTLY WHEN DUE THE BENEFITS REQUIRED OF YOU BY THE WORKERS COMPENSATION LAW OF ANY STATE NOT LISTED IN ITEM 3.A. OF THE INFORMATION PAGE IF ALL OF THE FOLLOWING CONDITIONS ARE MET:

A. THE EMPLOYEE CLAIMING BENEFITS WAS EITHER HIRED UNDER A CONTRACT OF EMPLOYMENT MADE IN A STATE LISTED IN ITEM 3.A. OF THE INFORMATION PAGE OR WAS, AT THE TIME OF INJURY, PRINCIPALLY EMPLOYED IN A STATE LISTED IN ITEM 3.A. OF THE INFORMATION PAGE AND;

B. THE EMPLOYEE CLAIMING BENEFITS IS NOT CLAIMING BENEFITS IN A STATE WHERE, AT THE TIME OF INJURY, (I) YOU HAVE OTHER WORKERS COMPENSATION INSURANCE COVERAGE, OR (II) YOU WERE, BY VIRTUE OF THE NATURE OF YOUR OPERATIONS IN THAT STATE, REQUIRED BY THAT STATE'S LAW TO HAVE OBTAINED SEPARATE WORKERS COMPENSATION INSURANCE COVERAGE, OR (III) YOU ARE AN AUTHORIZED SELF-INSURER

5

OR PARTICIPANT IN A SELF-INSURED GROUP PLAN; AND

C. THE DURATION OF THE WORK BEING PERFORMED BY THE EMPLOYEE CLAIMING BENEFITS IN THE STATE FOR WHICH THAT EMPLOYEE IS CLAIMING BENEFITS IS TEMPORARY.

. . . .

IMPORTANT NOTICE:

IF YOU HIRE ANY EMPLOYEES OUTSIDE THOSE STATES LISTED IN ITEM 3.A. ON THE INFORMATION PAGE OR BEGIN OPERATIONS IN ANY SUCH STATE, YOU SHOULD DO WHATEVER MAY BE REQUIRED UNDER THAT STATE'S LAW, AS THIS ENDORSEMENT DOES NOT SATISFY THE REQUIREMENTS OF THAT STATE'S WORKERS COMPENSATION LAW.

Conversely, here, Mr. Melbert testified that he lived in Oakdale, Louisiana, when he was hired by TNT; that he interviewed, applied, and was hired at the job site in Carlyss, Louisiana; and that he was working at the job site in Carlyss, Louisiana, when he was injured. Accordingly, as Louisiana was not listed under any section of the policy or its Information Pages, Mr. Melbert cannot satisfy the first condition in the endorsement and is unambiguously precluded from coverage.

Mr. Melbert does not assert ambiguity but claims coverage based upon the fact that his supervisor filled out the Sulphur Urgent Care medical form, inserting an Oklahoma address for Mr. Melbert—606 North Elm Street, Waurika, Oklahoma—which was apparently near TNT's reported address of 612 North Elm

6

Street in Waurika, Oklahoma.[1]  However, Mr. Melbert testified that he had never been to either Oklahoma address, and his few weeks of work for TNT were in Louisiana.[2]

Our review of the record indicates that the OWC judge did everything possible to help Mr. Melbert understand his own position and that she specifically advised him to find an attorney to execute the judgment that she had issued in his favor against TNT.  While we are sympathetic to Mr. Melbert's unfortunate predicament, we must agree with the OWC's finding that the Oklahoma employer's policy with CompSource Oklahoma does not provide coverage for Mr. Melbert, who was hired in Louisiana, working in Louisiana, and injured in Louisiana.

V.

CONCLUSION

Based upon the foregoing, we affirm the OWC's dismissal of the defendant insurance company, CompSource Oklahoma.  Costs of this appeal are assessed to the claimant, Mr. Kevin Melbert.

**AFFIRMED.**

---

[1]Mr. Melbert stated that he was told upon his hiring that he would need an Oklahoma address.  Both Elm Street addresses were apparently foreclosed upon buildings, and the record contains speculations that the employer may have been bankrupt.

[2]We will not consider Mr. Melbert's argument on appeal that he was sitting in TNT's vehicle at the time he was hired and that the vehicle is an extension of TNT's Oklahoma office, as this argument was not raised before the OWC.  Uniform Rules—Courts of Appeal, Rule 1–3.