702 So.2d 686 (1997)
Paul B. SIMMS
v.
Jason BUTLER, et al.
No. 97-C-0416.
Supreme Court of Louisiana.
December 2, 1997.
*687 James F. Ryan, New Orleans, for Applicant.
Wayne W. Yuspeh, Metairie, for Respondent.
MARCUS, Justice.[*]
Newton Moore, an employee of the Illinois Institute of Technology, came to New Orleans on a recruiting mission for his employer. Jason Butler, a student at the Institute, accompanied Moore on the trip to assist in his recruiting efforts. While in New Orleans, Moore rented an automobile from Alamo Rent A Car. The rental agreement designated Moore as the only authorized driver. Nonetheless, on October 10, 1990, Moore gave Jason permission to drive the car unsupervised. That evening, while en route to Moore's hotel, Jason collided with the rear of Paul Simms's vehicle. Paul Simms brought suit against Alamo and its insurer, Gab Business Services, Inc., Newton Moore, the Illinois Institute of Technology and its insurer, the Hartford Insurance Company, State Farm Mutual Automobile Insurance Company, Jason Butler and Allstate Insurance Company to recover for both bodily injury and property damage. Simms voluntarily dismissed all defendants except Allstate, against whom he reserved all rights and claims.
At the time of the accident, Jason Butler was a legal resident of his parents' home in New Orleans. Allstate had issued a personal automobile insurance policy to Jason's parents providing liability coverage for bodily injury and property damage. The policy provided that an insured would be covered while operating a non-owned vehicle only if such vehicle was used with the owner's permission.
After a bench trial, Paul Simms was awarded the sum of seventy-five thousand dollars ($75,000), plus medical expenses incurred in the amount of two thousand seven hundred sixty-five dollars ($2,765), for damages sustained in the collision. Allstate, as Jason Butler's insurer, was found liable for its policy limits in the amount of ten thousand dollars ($10,000). The court of appeal affirmed, with one judge dissenting. Upon Allstate's application, we granted certiorari to review the correctness of that decision.[1]
The sole issue presented for our consideration is whether the court of appeal erred in holding Allstate liable for damages caused by its insured, Jason Butler, while driving a vehicle owned by Alamo and rented to Newton Moore where Moore did not list Jason as an authorized, additional driver on the rental contract but did give Jason permission to use the vehicle.
The Louisiana Motor Vehicle Safety Responsibility Law, La. R.S. 32:851-1043, provides a mandatory, comprehensive scheme for the protection of the public from damage caused by motor vehicles. Pursuant to La. R.S. 32:861 and 862, every owner of a motor vehicle is required to obtain proof of security prior to registration and/or the issuance of a driver's license. La. R.S. 32:861(A)(1) & (2); La. R.S. 32:862(C) & (D). One method of complying with this requirement is to obtain an "automobile liability *688 policy."[2] La. R.S. 32:861(A)(1) mandates that all such automobile policies include liability limits as defined by R.S. 32:900(B)(2), commonly known as the statutory omnibus clause. The omnibus clause in the Butler's policy extends liability coverage to include not only the named insured but also any resident and other person using the insured auto with permission of the insured. La. R.S. 32:900(B)(2) provides, in pertinent part, that the owner's liability insurance policy:
Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada, subject to limits exclusive of interest and costs with respect to each such motor vehicle as follows.... (Emphasis added).
In Louisiana, insurance policies issued in the state are considered to contain all provisions required by statute. Block v. Reliance Insurance Co., 433 So.2d 1040, 1044 (La.1983). Accordingly, La. R.S. 32:900(B)(2) is incorporated into every policy of insurance to which it is applicable, as if it were written in the policy itself.[3]Id.
Jason Butler is not a named insured on the Allstate policy. Jason's father is the named insured. Neither party contends that Jason was using his father's auto with the express or implied permission of his father. Thus, the requirements of the omnibus clause are not germane to a determination of Allstate's liability. The only provisions of relevance in the Butler's policy are as follows:
[Y]our policy protects an insured person from claims for accidents arising out of the ownership, maintenance or use, loading or unloading of an insured auto. (Emphasis added).
According to the policy, the term "Insured Persons" includes:
(2) While using a non-owned auto:
(a) you,
(b) any resident relative using a four wheel private passenger auto or utility auto. (Emphasis added).
"Insured Autos" includes:
(4) A non-owned auto used by you or a resident relative with the owner's permission. This auto must not be available or furnished for the regular use of an insured person. (Emphasis added).
Neither party disputes the fact that Jason Butler was an "insured person" under his parents' Allstate policy.[4] The question which is central to a resolution of the parties' dispute, however, is whether Jason was driving an "insured auto" at the time of the accident.
In order for the vehicle to be insured under the non-owned auto clause of the Butler's policy, Jason must have been using it with the owner's permission. The car Jason was driving was owned by Alamo. Newton Moore had rented it upon his arrival in New Orleans. On the back of the rental agreement signed by Moore there is a clause which provides:
Unless otherwise defined by state law, I am the authorized driver, and an additional driver is authorized only if I pay an additional driver charge and that person is a *689 licensed driver over 21 years old. I am responsible for any losses or damages caused by any additional driver, where permitted.
Moore did not designate Jason, or anyone else, as an additional driver. This is evidenced on the face of the agreement which says, "No additional renters are authorized to drive the vehicle." Hence, pursuant to the language of the rental agreement, Alamo explicitly prohibited anyone other than Moore from operating the car at issue.
Absent any statutory requirements to the contrary, Allstate has the right to limit its contractual liability by making permission of the owner a prerequisite to coverage.[5] However, nowhere in Allstate's policy is the term "permission" defined. La. R.S. 32:900(B)(2) mandates coverage under the omnibus clause for the use of insured vehicles provided that such use is with the "express or implied permission" of the named insured. Within the Butler's policy, therefore, the term "permission," as it is used in the omnibus clause, must be interpreted to include permission that is either express or implied. The permission proviso in Allstate's non-owned auto clause is virtually identical to that in its omnibus clause. The only difference is that, with respect to automobiles owned by the named insured, the omnibus clause provides coverage only to those using the auto with "permission" of the named insured whereas, with respect to non-owned vehicles, Allstate provides coverage only to those using the auto with "permission" of the "owner." We see no reason for distinguishing between the permission required under either clause. Anderson v. Adams, 148 So.2d 347, 357-58 (La.Ct.App. 1st Cir.1962). Thus, in order to establish coverage under Allstate's policy, Simms must prove that the rental vehicle was being used with either the express or the implied permission of Alamo. See Swanson v. Comeaux, 296 So.2d 267, 271 (La.1974).
In the rental agreement entered into by Moore, Alamo unequivocally limits those who are authorized to drive its vehicles. At the time Moore signed the rental agreement, he had the option to pay an additional fee in order to extend that authorization to Jason. Moore chose not to do so. Given these explicit restrictions, Moore did not have the authority to lend his rental vehicle to Jason. Hence, at the time of the accident, Jason was driving Alamo's car with neither the express nor the implied permission of the agency.
Absent permission, Jason was not driving an "insured auto" within the terms of Allstate's policy. Consequently, Allstate is not liable for damages resulting from the collision with Paul Simms. The court of appeal erred in holding otherwise. We must reverse.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed and judgment is rendered in favor of Allstate Insurance Company and against Paul B. Simms, dismissing his suit at his cost.
NOTES
[*] Lemmon, J., not on panel. Rule IV, Part 2, § 3.
[1] 97-0416 (La.4/25/97), 692 So.2d 1072.
[2] An "automobile liability policy" is to be distinguished from a "motor vehicle liability policy." A motor vehicle liability policy, as defined in La. R.S. 32:900(A), is "an owner's or an operator's policy of liability insurance, certified ... as proof of financial responsibility." Proof of financial responsibility is required of persons who fail to satisfy final judgments. La. R.S. 32:891-893. In addition, drivers may be required to maintain proof of financial responsibility if they have been convicted of violating one of certain named offenses. La. R.S. 32:896. Since nothing in the record suggests that the Butler's policy was certified as proof of financial responsibility, we consider the policy at issue to be an "automobile liability policy."
[3] La. R.S. 32:900 applies to "motor vehicle liability policies." La. R.S. 32:900(B)(2) (the statutory omnibus clause) is the only provision of this statute which is incorporated into the automobile liability policy at issue. Hence, plaintiff's contention, that La. R.S. 32:900(C) (pertaining to operator's policies) is part of the Butler's liability policy, is without merit.
[4] Jason was a "resident relative" using a non-owned four wheel private passenger auto.
[5] Having determined that neither the statutory omnibus clause nor any other subsection of La. R.S. 32:900 is applicable to the facts of this case, there is no statutory provision requiring Allstate to provide coverage in its automobile liability policies to insureds while operating non-owned vehicles without the owner's permission.

Some insurance companies have broadened the coverage offered under their non-owned auto clauses. Some policies cover, in addition to use with permission, "use which is reasonably believed to be with the permission of the owner." 12 GEORGE J. COUCH, COUCH CYCLOPEDIA OF INSURANCE LAW 564-65 (2d ed.1981). Other non-owned auto clauses refer to permission of the owner or "person in lawful possession" of the automobile. Id. at 565. The Butler's Allstate policy includes none of these expansive clauses.