JjLANDRIEU, Judge.
On the application of defendant, Progressive Specialty Insurance Company (Progressive), we grant certiorari to review a judgment of the trial court denying its motion for summary judgment.
On April 8, 1995, Budget Rent-A-Car Systems, Inc. (Budget) entered into a rental agreement with Mary Zaborowski for the rental of a Toyota Corolla. Under the terms of the contract, no other persons were listed as additional drivers.
On April 6, 1995, Progressive issued an automobile personal liability policy to Landon Zaborowski, Mary’s son, bearing policy number 4892520-0, which was effective April 6, 1995 to September 13, 1995. The Progressive policy defined “insured person” or “insured persons” as:
1. You or a relative while driving your insured car.
2. You while driving any private passenger car other than your insured car.
3. Any other person driving your insured car.
4. Any other person or organization with respect only to legal liability of that person or organization for acts or omissions of:
a. Any person covered under this part while driving your insured car; or
b. You while driving any private passenger car or utility trader other than your insured car if the car or utility trailer is not owned or hired by that person or organization or furnished for your regular or frequent use.
However, no person shall be considered an insured person if the person drives a vehicle without the owner’s expressed permission.
| ¡¿Plaintiffs, Manuel and Maria Gonzales, filed suit for damages against Progressive for injuries they allegedly sustained as a *1269 result of an automobile accident that occurred on April 13, 1995, when their vehicle was struck by the Toyota Corolla, which was owned by Budget, rented to Mary Zaborowski, and being driven by Landon Zaborowski.
Progressive filed a motion for summary judgment arguing that because Landon Zaborowski was not an authorized driver under the rental contract between Budget and Mary Zaborowski, he was not an “insured person” under the Progressive policy. Thus, Progressive did not provide coverage for the accident. The trial judge denied the motion.
In seeking summary judgment, Progressive relies on the case of Simms v. Butler, 702 So.2d 686 (La.1997). In Simms, Newton Moore rented a vehicle from Alamo Rent-A-Car. The rental agreement designated Moore as the only authorized driver. Moore gave Jason Butler permission to drive the car. Butler subsequently was involved in an accident. Allstate Insurance Company issued a personal automobile policy to Butler’s parents. This policy provided that an insured would be covered while operating a non-owned vehicle only if such vehicle was used with the owner’s permission.
The Supreme Court reasoned in Simms that to establish coverage under Allstate’s policy, the plaintiffs had to prove that the rental vehicle was being used with either the expressed or implied permission of Alamo. Simms, 702 So.2d 686, 689. The Court noted that at the time Moore entered into the rental agreement with Alamo he had the option to extend authorization to Butler but did not. Thus, as Butler was not authorized to use the vehicle, Allstate was not liable for damages. Id.
lain the instant case, the rental agreement between Budget and Mary Zaborow-ski named Mary as the only authorized driver of the Budget vehicle. The Progressive policy language defining an “insured person” is similar to the Alamo policy language in the Simms case. Because Mary Zaborowski failed to list Landon as an additional authorized driver under the Budget agreement, following the reasoning in Simms, he is not an “insured person” under the Progressive policy and Progressive cannot be liable for damages as a result of the accident.
In opposition to Progressive’s motion, League General Insurance Company, another named defendant and Mary Zabo-rowski’s personal liability insurer, argues that the Simms case is distinguishable from this case because the central question in Simms was whether the defendant was driving an insured auto at the time of the accident. We disagree. The central issue decided by the Court in Simms was whether the rental vehicle was being used with either the expressed or implied permission of Alamo. The permissive language in Simms appeared under the “Insured Autos” section of Allstate’s policy. The Court reasoned that Allstate’s policy excluded coverage because Alamo, the owner of the rental car, did not give permission, either expressed or implied, to Butler to drive the vehicle. Thus, under Allstate’s policy, the rental vehicle was not an “insured auto.” Although the permissive language in this case appears under the “Insured Persons” section of the Progressive policy, the fact remains that because Mary Zaborowski never listed Landon as an authorized driver under the Budget rental agreement, even if she allowed him to use the vehicle, he did not have Budget’s [the owner’s] “expressed permission” to drive the rental vehicle. Therefore, under the reasoning of Simms, there was no coverage under the Progressive policy.
^Accordingly, the judgment of the trial court is reversed. The motion for summary judgment is rendered in favor of Progressive and plaintiffs’ suit against it is dismissed.
REVERSED AND RENDERED.