873 So.2d 808 (2004)
Jerome A. SAUER and Barbara Sauer
v.
NATIONAL CAR RENTAL SYSTEM, INC., Iva A. Heflin, Rose Hutchins and Allstate Insurance Company.
No. 03-CA-1456.
Court of Appeal of Louisiana, Fifth Circuit.
April 27, 2004.
Harold S. Bartholomew Jr., Metairie, LA, for Plaintiffs/Appellants, Jerome A. Sauer and Barbara Sauer.
Jeffery P. Lozes, New Orleans, LA, for Defendant/Second-Appellant, Iva A. Heflin.
James L. Donovan Jr., Metairie, LA, for Defendant/Appellee, Allstate Insurance Company.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY and CLARENCE E. McMANUS.
SUSAN M. CHEHARDY, Judge.
This is an automobile accident case, in which the plaintiffs and the individual defendant appeal a judgment granting the defendant insurer's motion for summary judgment based on a coverage defense. We reverse, finding the matter was not ripe for summary judgment, and remand for further proceedings.
The accident occurred on May 30, 2001, when a vehicle owned and being driven by Jerome Sauer was struck by a rental car being driven by Iva A. Heflin. Heflin's vehicle was owned by National Car Rental System, Inc. and had been rented by Heflin's sister, Rose Hutchins, who was a passenger in the car.
Sauer and his wife filed suit against National Car Rental, Heflin and Hutchins. The petition also sued Allstate Insurance Company as the Sauers' uninsured/underinsured motorist insurance carrier.
*809 During discovery Allstate disclosed that it also carried a policy of insurance issued to Heflin herself. Allstate filed separate answers both capacities, as UM carrier for the Sauers and as liability insurer for Heflin. In its answer as Heflin's insurer, Allstate denied coverage of the accident on the basis that Heflin was not an authorized driver of the National rental car.
Allstate then filed a motion for summary judgment regarding its liability under Heflin's policy. Allstate asserted that the policy provided no coverage for this accident because Heflin was operating a non-owned vehicle without the owner's permission, since she was not named as an authorized driver on the National Car Rental contract.
In opposition to the motion for summary judgment, Heflin filed an affidavit in which she made the following statements: On the date of the accident she was traveling in New Orleans with her sister, Hutchins, and they rented the car from National using Hutchins' credit card. While Hutchins made arrangements for the rental, Heflin was obtaining baggage and assumed she would be listed as an additional driver. The National Car Rental desk clerk escorted Hutchins and Heflin to the vehicle, at which point Heflin sat in the driver's seat and received instructions from the National Car Rental employee on operation of the vehicle. Heflin and Hutchins frequently traveled together and Heflin generally was the driver since Hutchins had health problems. Hutchins passed away subsequent to this accident.
In her opposition memo, Heflin argued that the action of the National Car Rental employee in explaining the vehicle's features to her while she was sitting in the driver's seat, despite her not being listed as an additional driver on the rental documents, was implied permission for her to drive the car, so as to satisfy the policy requirement that permission be granted by the owner of the vehicle. She asserted that "permission" in Allstate's policy is interchangeable with "implied permission" and is not interchangeable with "authorized" under the car rental contract.
The trial court granted summary judgment in favor of Allstate. The Sauers and Heflin (hereafter collectively called "appellants") have appealed.
Appellants raise seven assignments of error. Assignments 1, 2, 3, 5, 6 and 7 all relate to the same questions, so we combine them for discussion. Rephrased, the Issues are whether the term "authorized driver" in the rental agreement must be equated with the express or implied permission required by the policy; if not, whether there is a genuine issue of material fact regarding express or implied permission for Heflin's use of the rental car that precludes summary judgment.
The other issue (No. 4 in appellants' brief) is whether the trial court should have applied La.R.S. 22:1406, La.R.S. 32:900, and Louisiana's Motor Vehicle Safety Responsibility Laws to require coverage.
The Allstate policy provides that an "insured auto" includes an auto that is not owned by the insured only when such vehicle fits the policy definition of "Non-owned Auto." The policy definition states:
"Non-owned Auto" means an auto used by you or a resident relative with the owner's `permission but which is not: a) owned by you or a resident relative, or b) available or furnished for the regular use of you or a resident relative. [Emphasis added.]
The rental agreement between Rose Hutchins and National Car Rental states in pertinent part:
2. Who May Drive the VehicleAuthorized Drivers I am the authorized *810 driver if I ... meet all of your rental requirements. An additional authorized driver is authorized only if they pay an additional driver charge and that person has a valid driver's license and is named on the rental agreement. ALL OTHER DRIVERS ARE UNAUTHORIZED. I am responsible for any losses or damages which occur while the car is in the possession of any driver.
Appellants contend that "permission" must be interpreted with regard to Allstate's policy, not the rental car agreement's listing of authorized drivers. They assert that "permission" in Allstate's policy is interchangeable with "implied permission" and is not interchangeable with "authorized" under the National Car Rental Contract.
In contrast, Allstate contends having the owner's permission to drive the rental car is the same as being an authorized driver under the rental contract.
In Simms v. Butler, 97-0416 (La.12/2/97), 702 So.2d 686, the defendant Butler was driving a rental vehicle with permission of Newton Moore, the person designated on the rental agreement as the only authorized driver. Butler was not listed on the rental agreement. Butler's parents had an automobile insurance policy with Allstate Insurance Company and Butler was a legal resident of his parents' home, making him eligible to be an insured under the policy.
Butler's policy, like the policy here, provided that an insured would be covered while operating a non-owned vehicle only if such vehicle was used with the owner's permission. The trial court found no merit to the insurer's coverage defense and granted judgment in favor of the plaintiff, which was affirmed by the court of appeal. The supreme court reversed.
The supreme court found that under the auto rental agreement's explicit restrictions limiting authorized drivers, the renter did not have authority to lend the rental vehicle to Butler. Therefore, the court concluded, Butler was driving the car with neither express nor implied permission of the rental agency. Simms, 97-0416 at p. 6, 702 So.2d at 689. Hence, the insurance policy did not apply.
Here, as in Simms, the National Car Rental agreement stated that an additional driver is authorized only if an additional driver charge is paid and the person is named on the rental agreement. In the Simms case there was no indication of any implied permission. Here, however, after Heflin got in the driver's seat, the rental agent explained the use of the rental car to her.
In both Simms and this case there was an Allstate policy, with the same or similar regarding use of non-owned autos; there is a rental vehicle with a rental contract; and there is a driver of the rental vehicle who is not named on the rental contract as an authorized driver.
In Simms, the supreme court equated the authorization required under the rental agreement with the permission required by the policy. Simms had no facts that raised the issue of implied permission.
Here, in contrast, although Hutchins failed to list Heflin as an authorized driver on the rental form, the rental company employee explained use of the auto to Heflin as Heflin was sitting in the driver's seat. This raises a genuine issue of material fact as to whether implied permission could be construed from the actions of National Car Rental's employee or employees in instructing Heflin in the operation of the car. That issue of fact is sufficient to defeat summary judgment.
*811 Considering our ruling on the permission/authorization argument, it is unnecessary to address whether the statutory law requires us to find coverage in order to protect the victims (i.e., the Sauers).
For the foregoing reasons, the judgment is reversed and the matter is remanded for further proceedings. Costs of this appeal are assessed against the appellee, Allstate Insurance Company.
REVERSED AND REMANDED.