# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-1461

DELORES ARMSTRONG

VERSUS

THRIFTY CAR RENTAL, ET AL.

**********
APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, DOCKET NO. 211,039
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE
**********

## SYLVIA R. COOKS
## JUDGE

**********

Court composed of Sylvia R. Cooks, Oswald A. Decuir, Marc T. Amy, Elizabeth A. Pickett and J. David Painter, Judges.

**Amy, J., dissents and assigns written reasons.**

**REVERSED AND REMANDED.**

Randall B. Tannehill
D. Beau Sylvester
Tannehill & Sylvester, L.L.P.
P.O. Box 3246
Pineville, LA 71361
(318) 641-1550
COUNSEL FOR PLAINTIFF/APPELLANT:
    Delores Armstrong

Russell A. Potter
Andrew P. Texada
Stanford, Stewart & Potter
P.O. Box 1711
Alexandria, LA 71309
(318) 487-4910
COUNSEL FOR DEFENDANT/APPELLEE:
    Metropolitan Property & Casualty Insurance Co.

**COOKS, Judge.**

This is an automobile accident case in which the plaintiff appeals the trial court's grant of summary judgment based on a coverage defense. Finding the matter was not ripe for summary judgment, we reverse and remand for further proceedings.

**FACTS AND PROCEDURAL HISTORY**

On November 19, 2001, a vehicle driven by Beverly Lind collided with a vehicle owned and operated by Delores Armstrong. The vehicle Ms. Lind was driving was rented from Siddiqui Group Investors, Inc., d/b/a Thrifty Rent-A-Car (hereafter Thrifty) at the New Orleans Airport, through a lease agreement with Daniel Senander. Ms. Lind and Mr. Senander were in Louisiana on business. While Ms. Lind retrieved the pair's baggage after arriving at the airport, Mr. Senander secured the rental car. Ms. Lind was not listed as an authorized driver on the rental agreement. At the time of the accident, Ms. Lind maintained an automobile liability insurance policy with Metropolitan Casualty Insurance Company.

Ms. Armstrong suffered injuries as a result of the accident. She filed suit against Mr. Senander, his insurance company, Thrifty, Ms. Lind, and her insurance company, Metropolitan. It was agreed by all parties that Ms. Lind was at fault in causing the accident. Ms. Armstrong settled her claims against Mr. Senander and his insurer. Thrifty was eventually dismissed from the action, and Ms. Lind was released from personal liability. That left Metropolitan as the only remaining defendant in the lawsuit.

Metropolitan filed a Motion for Summary Judgment alleging that under the rental agreement between Mr. Senander and Thrifty, Ms. Lind was not authorized to drive the rental vehicle. Metropolitan also argued the terms and conditions of Ms. Lind's policy did not cover the use of the rental car since she did not have permission

-1-

of the owner to be driving the vehicle. After hearing argument on the Motion for Summary Judgment, the trial court took the matter under advisement. On August 31, 2005, written reasons for judgment were rendered granting summary judgment in favor of Metropolitan. The trial court stated, in pertinent part, as follows:

> There is no dispute that Beverly Lind was not named in the rental insurance agreement as an authorized renter or additional driver of the 2002 Dodge Intrepid. In addition, Beverly Lind did not sign the rental agreement. Delores Armstrong contends that the Court needs to only find that Ms. Lind had either express or implied permission to drive the vehicle on the day of the accident or reasonably believe that she had permission of the owner to drive the vehicle on the date of the accident. Ms. Lind's affidavit attached to plaintiff's opposition to Exhibit "A" indicates that her companion, Dan Senander, transacted the rental agreement and that she thought she was placed on the rental contract as a listed driver. She further states that she reasonably believed that she had permission of Thrifty to drive its car. The Court finds the Affidavit insufficient to create an issue of fact and finds that she did not have permission of the owner of the vehicle and could not have reasonably believed that she had permission. The Motion for Summary Judgment is granted.

Ms. Armstrong appealed, contending the trial court committed manifest error in granting summary judgment when there existed material issues of fact as to whether Ms. Lind reasonably believed she had permission of the owner to operate the rental vehicle.

## ANALYSIS

At the outset, we note that appellate courts review summary judgments *de novo* under the same criteria that governed the trial court's consideration of whether or not summary judgment was appropriate. *Schroeder v. Board of Sup'rs of La. State Univ.*, 591 So.2d 342 (La.1991); *Soileau v. D & J Tire, Inc.*, 97-318 (La.App. 3 Cir. 10/8/97), 702 So.2d 818, *writ denied*, 97-2737 (La.1/16/98), 706 So.2d 979. Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter

of law. La.Code Civ.P. art. 966(B).

La.Code Civ.P. art. 966 charges the moving party with the burden of proving that summary judgment is appropriate. In doing so, the moving party's supporting documentation must be sufficient to establish that no genuine issue of material fact remains at stake. *Townley v. City of Iowa*, 97-493 (La.App. 3 Cir. 10/29/97), 702 So.2d 323. Once the mover makes a prima facie showing that there is no genuine issue as to a material fact and that summary judgment should be granted, the burden shifts to the nonmover. *Id*.

La.Code Civ.P. art. 966 places upon the nonmover the burden to rebut the showing made by the mover of the non-existence of a genuine issue of material fact. *Id.* The nonmover must sufficiently establish the existence of an essential element of his claim which he is to bear the burden of proving at trial. *Id*. The threshold question in reviewing a trial court's grant of summary judgment is whether a genuine issue of material fact remains. *Kumpe v. State*, 97-386 (La.App. 3 Cir. 10/8/97), 701 So.2d 498, *writ denied*, 98-50 (La. 3/13/98), 712 So.2d 882. After which, the appellate court must determine whether reasonable minds could conclude, based on the facts presented, that the mover is entitled to judgment. *Id*. Thus, summary judgment is appropriate when all relevant facts are brought before the court, the relevant facts are undisputed, and the sole remaining issue relates to the legal conclusion to be drawn from the facts. *Id*.

Facts are material if they determine the outcome of the legal dispute. *Soileau*, 702 So.2d 818. The determination of the materiality of a particular fact must be made in light of the relevant substantive law. *Id*.

The record established Metropolitan had in force and effect an automobile liability insurance policy insuring Ms. Lind and her personal vehicles. That policy

extended liability coverage to Ms. Lind for any claims arising out of the ownership, maintenance, or use of a covered automobile or a non-owned automobile. However, with respect to a non-owned automobile, liability coverage for the insured or any relative of the insured is limited to the operation of a non-owned automobile with the permission of the owner:

> The operation or use of such vehicle must have been with the permission of, *or reasonably believed to have been with the permission of, the owner.* The operation or use must also have been within the scope of the permission given. (Emphasis added.)

Ms. Armstrong argues she need only show that Ms. Lind *reasonably believed* she had permission of the owner to drive the vehicle on the date of the accident to defeat summary judgment. In opposition to the motion for summary judgment, Ms. Armstrong produced an affidavit from Ms. Lind, secured from Mr. Senander's attorney, that set forth Ms. Lind's belief that at the time of the accident she believed she was included on the rental policy and therefore had permission of the owner to drive the vehicle. She also maintained in her affidavit that had she been aware she was not listed as a permissive driver in the rental agreement, she would not have driven the vehicle.

In support of its motion for summary judgment, Metropolitan cited *Simms v. Butler*, 97-416 (La. 12/2/97), 702 So.2d 686. In *Simms*, Newton Moore rented a vehicle from Alamo Rent-A-Car. The rental agreement listed only Moore as an authorized driver. Despite this, Moore gave Jason Butler permission to drive the car. Butler subsequently was involved in an accident. Butler's parents had a personal automobile policy of insurance with Allstate. Butler was a legal resident of his parents' home, thus making him eligible to be an insured under the policy. The Allstate policy provided that an insured would be covered while operating a non-owned vehicle only if such vehicle was used with the owner's permission.

The Supreme Court explained in *Simms* that to establish coverage under Allstate's policy, the plaintiffs had to prove the rental vehicle was being used with either the expressed or implied permission of Alamo. *Simms*, 702 So.2d 686. The Court noted that at the time Moore entered into the rental agreement with Alamo, he had the option to extend authorization to Butler but did not. Thus, as Butler was not authorized to use the vehicle, Allstate was not liable for damages. *Id*.

Metropolitan also referenced *Gonzales v. Progressive Specialty Ins. Co.*, 99-0792 (La.App. 4 Cir. 5/5/99), 732 So.2d 1268, wherein the plaintiffs filed suit for personal injuries against Progressive arising out of an automobile accident when their vehicle was struck by a vehicle owned by Budget Rent-A-Car Systems. The vehicle had been rented to Mary Zaborowski, but was being driven by Landon Zaborowski at the time of the accident. The rental agreement between Budget and Mary Zaborowski listed Mary as the only authorized driver of the Budget vehicle. Progressive had issued a policy insuring the Zaborowskis; however, the policy defined an "Insured Person" only to insureds operating non-owned vehicles with the permission of the owner. The plaintiff in *Gonzalez* argued the *Simms* case was distinguishable because the permissive language appeared under the "Insured Autos" section of the Allstate policy in *Simms*, as opposed to the "Insured Persons" section of the Progressive policy in *Gonzalez*. The court rejected this argument, stating:

> The central issue decided by the court in *Simms* was whether the rental vehicle was being used with either the express or implied permission of Alamo. The permissive language in *Simms* appeared under the "Insured Autos" section of Allstate's policy. The court reasoned that Allstate's policy excluded coverage because Alamo, the owner of the rental car, did not give permission, either express or implied, to Butler to drive the vehicle. Thus, under Allstate's policy, the rental vehicle was not an "insured auto." Although the permissive language in this case appears under the "Insured Persons" section of the Progressive policy, the fact remains that because Mary

> Zaborowski never listed Landon as an authorized driver under the Budget rental agreement, even if she allowed him to use the vehicle, he did not have Budget's [the owner's] "expressed permission" to drive the rental vehicle. Therefore, under the reasoning of *Simms*, there was no coverage under the Progressive policy.

*Gonzalez*, 732 So.2d at 1269.

Ms. Armstrong argues the facts in *Simms* and *Gonzalez* are distinguishable from the present case. She argues there is no language in either policy in *Simms* or *Gonzalez* that allowed coverage if the insured *reasonably believed* he or she had permission of the owner to operate the vehicle as the Metropolitan policy provides in this case.[1] Such a distinction, Ms. Armstrong argues, presents a different standard of proof based on the policy language than that in *Simms* and *Gonzalez*.

We agree with Ms. Armstrong that there are facts in this case which distinguish it from *Simms* and *Gonzalez*. We find the facts in *Sauer v. National Car Rental System, Inc.*, 03-1456 (La.App. 5 Cir. 4/27/04), 873 So.2d 808, more in accord with those presented in the present case. In *Sauer*, Rose Hutchins rented a vehicle from National. An accident occurred when Hutchins' sister, Iva Heflin, struck a vehicle driven by Jerome Sauer. Allstate carried a policy of insurance on Heflin and was sued by Sauer in that capacity. Allstate filed a motion for summary judgment on the grounds that Heflin was not listed as an authorized driver on the National rental agreement. The Allstate policy provided that an "insured auto" includes an auto that was not owned by the insured only when such vehicle fits the policy definition of "Non-owned Auto." The policy definition stated:

---

[1] We note that in footnote five, the *Simms* court specifically recognized "[s]ome insurance companies have broadened the coverage offered under their non-owned auto clauses. Some policies cover, in addition to use with permission, 'use which is reasonably believed to be with the permission of the owner.' . . The Butler's Allstate policy *includes none of these expansive clauses*." (Emphasis added.) The inclusion of this footnote certainly supports Ms. Armstrong's inference that *Simms* may have been decided differently if such language had been included in the relevant policy language.

"Non-owned Auto means an auto used by you or a resident relative *with the owner's permission* but which is not: a) owned by you or a resident relative, or b) available or furnished for the regular use of you or a resident relative. [Emphasis added.]

*Sauer*, 873 So.2d at 810.

In opposition to the motion for summary judgment, Heflin filed an affidavit which stated she was traveling with her sister to New Orleans. While Hutchins made arrangements for a rental car from National, Heflin was obtaining the pair's luggage. Heflin stated she assumed she would be listed as an additional driver. The National desk clerk accompanied both Hutchins and Heflin to the rental vehicle, at which point Heflin sat in the driver's seat and received instructions on operation of the vehicle. Heflin and Sauer argued the actions of the National desk clerk in explaining the vehicle's features, despite not being listed as an additional driver on the rental document, was implied permission for her to drive the vehicle. The trial court did not agree and granted summary judgment.

On appeal, the fifth circuit reversed and found material issues of fact precluded summary judgment in this matter. The court examined the supreme court's opinion in *Simms*, and concluded as follows:

Here, as in *Simms*, the National Car Rental agreement stated that an additional driver is authorized only if an additional driver charge is paid and the person is named on the rental agreement. In the *Simms* case there was no indication of any implied permission. Here, however, after Heflin got in the driver's seat, the rental agent explained the use of the rental car to her.

In both *Simms* and this case there was an Allstate policy, with the same or similar regarding use of non-owned autos; there is a rental vehicle with a rental contract; and there is a driver of the rental vehicle who is not named on the rental contract as an authorized driver.

In *Simms*, the supreme court equated the authorization required under the rental agreement with the permission required by the policy. *Simms* had no facts that raised the issue of implied permission.

Here, in contrast, although Hutchins failed to list Heflin as an

authorized driver on the rental form, the rental company employee explained use of the auto to Heflin as Heflin was sitting in the driver's seat. This raises a genuine issue of material fact as to whether implied permission could be construed from the actions of National Car Rental's employee or employees in instructing Heflin in the operation of the car. That issue of fact is sufficient to defeat summary judgment.

Although there is no issue of implied permission through the actions of the rental company in this case, we note the clear language of the Metropolitan policy in this case, unlike the policies in *Simms, Gonzalez*, and *Sauer*, only requires that Ms. Lind *reasonably believe* she had permission of the owner to operate the vehicle. Ms. Lind's affidavit stated she "thought [she] was placed on the rental contract as a listed driver," and she "would not have driven the rental car had I thought I was not listed on the rental contract." The affidavit of Ms. Lind is material evidence that *she* believed she had permission of the owner to drive the vehicle. The affidavit creates, at a minimum, issues of material fact regarding the reasonableness of Ms. Lind's belief and her actions in operating the vehicle which should have precluded summary judgment. Further, Mr. Senander's actions in allowing Ms. Lind to operate the vehicle lend further credence to Ms. Lind's apparent belief that she was included as a listed driver on the rental agreement.

We find the trial court erred in finding there were no issues of material fact that existed to preclude granting summary judgment. Therefore, we reverse the grant of summary judgment, and remand the case for further proceedings. All costs of this appeal are assessed against appellee, Metropolitan Casualty Insurance Company.

**REVERSED AND REMANDED.**

NUMBER 05-1461

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

DELORES ARMSTRONG

VERSUS

THRIFTY CAR RENTAL, ET AL.

AMY, J., dissenting.

I respectfully dissent from the majority opinion as I find that the plaintiff did not establish that Ms. Lind was covered under the insurance policy due to a reasonable belief that she had permission of the vehicle's owner to drive. In my view, the trial court was correct in finding that Ms. Lind's affidavit failed to establish a genuine issue of material fact in this regard. Instead, the affidavit merely sets forth Ms. Lind's *allegation* that she "reasonably believed that [she] had permission of Thrifty to drive its car." It fails to set forth circumstances under which she could have reasonably held that belief. Rather than simply advancing Ms. Lind's subjective opinion, which is all that the affidavit accomplishes, the plaintiff was required to establish an objective, factual basis sufficient for a *trier of fact* to determine that Ms. Lind's belief was reasonable. As this factual basis was not established, I would affirm the summary judgment.