MARION F. EDWARDS, Judge.
LThe question presented to us by this appeal is one of auto insurance coverage. This action began with the filing of a petition for damages as a result of an automobile accident. Plaintiffs/appellants, Jerome and Barbara Sauer (“the Sauers”), were struck by a vehicle driven by Iva Heflin (“Ms. Heflin”). Ms. Heflin was driving a car owned by National Car Rental System, Inc. (“National”) and rented to Ms. Heflin’s sister, Rose Hutchins (“Ms. Hutchins”), who was a passenger in the car. The Sauers filed suit against Ms. Heflin, Ms. Hutchins and National. Allstate Insurance Company (“Allstate”), the Sauers’ uninsured motorist carrier, was also named as a defendant in the suit.
During discovery, Allstate disclosed that it also insured Ms. Heflin. Thus, Allstate answered in both capacities, as the Sauers’ uninsured motorist carrier and as Ms. Hef-lin’s liability carrier. Allstate filed an answer in which it denied coverage under Ms. Heflin’s liability policy, making the assertion that she was not | aan authorized driver of the rental car. Allstate filed a motion for summary judgment regarding coverage under Ms. Heflin’s liability policy. The basis of its argument was that Ms. Heflin was driving a non-owned car without the owner’s permission, since the rental contract did not include Ms. Heflin as an authorized driver. That motion was granted by the trial court. However, on appeal, this Court found that a material issue of fact remained to be decided as to whether implied permission sufficient to afford coverage could be construed from the actions of National’s employee or employees in instructing Ms. Heflin in the operation of the car. Accordingly, the judgment was reversed and the matter was remanded to the trial court for further proceedings.[1]
Upon remand, the parties proceeded with discovery. By the time the matter came up for a trial on the merits, both Ms. Heflin and Ms. Hutchins were deceased, and there was a stay of the proceedings against National by the bankruptcy court. Consequently, on the morning of trial, the parties agreed to litigate only the issue of Allstate’s coverage under Ms. Heflin’s automobile liability insurance policy.
The only testimony available for consideration by the trial court in making its ruling[2] were the deposition and affidavit of Ms. Heflin, and the deposition of Jorge Vacas (“Mr. Vacas”), a representative of National. At the end of the hearing, the court rendered a judgment with reasons in favor of Allstate, finding no coverage under the policy issued to Ms. Heflin. It is that judgment which forms the basis for this appeal.

FACTS

Ms. Heflin, an Alabama resident, and her sister, Ms. Hutchins, a resident of Georgia, traveled to New Orleans to attend the wedding of Ms. Hutchin’s grandson. The sisters arrived at the New Orleans airport on the same flight. Ms. RHutchins went to the National counter to *901 rent a car while Ms. Heflin remained with the luggage. The rental car contract is contained in the record. It is clear from the contract that Ms. Hutchins is the only authorized driver of the vehicle under the contract. That fact is not disputed.
Ms. Heflin confirmed that she was not involved in the rental transaction and did not go to the rental counter. Her sister took care of everything. However, Ms. Heflin believed she was an authorized driver because the elderly, widowed sisters often traveled together, and their pattern was that Ms. Hutchins would take care of the rental car and add Ms. Heflin as an additional driver.
According to Ms. Heflin’s deposition, when the rental transaction was completed, the National agent walked the women to the rental car. Ms. Heflin got into the driver’s seat and asked the agent to show her everything about how to operate the car. The agent complied, and Ms. Heflin drove the vehicle off of the lot with Ms. Hutchins in the passenger seat. Ms. Hef-lin admitted she often traveled with her sister and had rented cars before. Further, she admitted she knew she had to be on the rental agreement in order to drive the rented vehicle. She assumed Ms. Hutchins added her as an additional driver, although she signed nothing and did not go up to the rental counter.
The accident which formed the basis of the underlying lawsuit took place a week later when the two women were returning to the airport. It was at that time that Ms. Heflin reviewed the rental contract and discovered that she was not an authorized driver of the vehicle.
In his deposition, Mr. Vacas, a representative of National, testified that it is necessary for all drivers listed on the rental contract to come to the rental counter to show a valid driver’s license and to sign the agreement. He also stated that, generally, customers are directed to a space number in which the vehicle is parked Rafter completing the rental agreement. Normally, the rental agent is assigned to the rental desk and does not walk out to the vehicle with the customer. However, Mr. Vacas admitted that does occasionally happen.
The National agent who actually handled the transaction did not testify either by deposition or at the hearing.

LAW

The policy in question is contained in the record. It is clear that Ms. Heflin is the named insured on the automobile liability policy issued by Allstate and, under the policy, coverage is provided while a named insured is using a non-owned vehicle. The policy defines “non-owned auto” as: “[A]n auto used by you or a resident relative with the owner’s permission but which is not: a) owned by you or a resident relative, or b) available or furnished for the regular use of you or a resident relative.”
It is undisputed that the vehicle Ms. Heflin was driving at the time of the accident was owned by National and rented by Ms. Hutchins. It is also undisputed that Ms. Heflin was not an authorized driver under the rental contract. Thus, the only issue is whether the rental car was an insured auto under Ms. Heflin’s personal automobile liability policy at the time of the accident. To find coverage under the policy provisions, it must be shown that Ms. Heflin had permission of the National to drive the car.
In finding no coverage, the trial court relied on Simms v. Butler.[3] In Simms, an insured driver, under his parents Allstate *902 automobile liability insurance policy, had an accident while driving a vehicle rented by another party. The language defining a non-owned auto in the insurance policy at issue in Simms was almost identical to the clause before this Court now. Further, the language in the rental | (¡agreement in Simms is very similar to the rental agreement between National and Ms. Hutchins.
The Simms[4] court acknowledged that “[a]bsent any statutory requirement to the contrary, Allstate has the right to limit its contractual liability by making permission of the owner a prerequisite to coverage.” However, the Simms court further reasoned that, since permission is not specifically defined in the policy, it can be either expressed or implied.
In brief to this Court, appellants assert that the trial court erred in its finding that no coverage is provided under Ms. Heflin’s Allstate liability policy and assigns five errors.
In two assignments of error, appellants argue that a de novo review by this Court is required because the trial court applied incorrect law. Appellants argue that the trial court should have placed the burden of proof on Allstate rather than appellants. Further, appellants argue that Allstate failed in its burden of proof that an exception on which it relies to deny coverage applies.
We are not persuaded by this argument because it misstates Allstate’s basis for denial of coverage. Allstate does not rely on an exclusion in the policy coverage. Rather, it is the appellants who assert that coverage is provided by Allstate because Ms. Heflin believed she had permission sufficient to trigger the non-owned auto coverage. While the insurer has the burden of proof of showing policy limits or exclusions, it is the insured who bears the burden of proving the existence of the policy and coverage.[5] When determining whether or not a policy affords coverage for an incident, it is the burden of the insured to prove the incident falls within the policy’s terms.[6] Therefore, we find the trial court correctly ^placed the burden of proof on the appellants to prove there is coverage under Ms. Heflin’s automobile liability insurance policy.
The issue on remand from this Court in the original appeal was whether the actions of National’s rental agent were sufficient to grant the owner’s implied permission to drive the vehicle. Thus, the disposition of this matter turns on whether appellants bore the burden of proof that Ms. Heflin had implied permission sufficient to provide insurance on the rented vehicle under Ms. Heflin’s automobile liability insurance policy. The trial court found that that burden was not met. We disagree.
The Simms[7] court explained the following:
The Louisiana Motor Vehicle Safety Responsibility Law, La. R.S. 32:851-1043, provides a mandatory, comprehensive scheme for the protection of the public from damage caused by motor vehicles. Pursuant to La. R.S. 32:861 and 862, every owner of a motor vehicle is required to obtain proof of security prior to registration and/or the issuance of a driver’s license. La. R.S. 32:861(A)(1) & (2); La. R.S. 32:862(C) & *903 (D). One method of complying with this requirement is to obtain an “automobile liability policy.” La. R.S. 32:861(A)(1) mandates that all such automobile policies include liability limits as defined by R.S. 32:900(B)(2), commonly known as the statutory omnibus clause. The omnibus clause in the Butler’s policy extends liability coverage to include not only the named insured but also any resident and other person using the insured auto with permission of the insured.
(Footnotes omitted.)
Further, the Simms court reasoned that the burden of proof is the same under the non-owned auto section of the policy as it is under the omnibus clause. Thus, under the omnibus clause, the driver must show expressed or implied permission of the named insured; but, under the non-owned portion of the policy, the driver must show expressed or implied permission of the owner. However, the burden of proof is the same.
|RThe trial court gave written Reasons for Judgment in which it applied the principles of Simms in evaluating whether Ms. Heflin had implied permission of the owner to drive the car. The trial court made the finding of fact that there was no implied permission, for the following reasons: [T]he evidence does not support a finding of implied permission.
Crucial to a finding of implied permission is the basis of Ms. Heflin’s belief that she was authorized to operate the rental vehicle. Had Ms. Heflin testified that she relied on the actions of National’s desk clerk, that there very well may have been implied permission on these facts. However, the evidence indicates that Ms. Heflin’s basis for believing she was authorized to operate the rental vehicle was her assumption that Ms. Hutchins listed her as an additional driver.
On appellate review, the court’s function is to determine whether the findings of the trier-of-fact were clearly wrong or manifestly erroneous.[8] The manifest error standard of review applies to all findings of fact, regardless of whether the evidence consists of live witness testimony or written depositions.[9] The issue to be resolved by the reviewing court is not whether the factfinder was right or wrong, but whether its conclusion was a reasonable one.[10]
While we are well aware of the deference afforded the trial court’s finding of facts, we find that, in the matter before us, the trial court was manifestly erroneous in the factual finding that the implied permission given to Heflin was insufficient to provide coverage.
We find the trial court’s analysis of the facts was too limited. There is nothing in the record, other than Mr. Vagas’ general statement that rental agents usually do not go out to the car with the customers, to dispute the direct testimony that the agent not only went out to the car, but personally gave Ms. Heflin detailed instructions on how to drive the car and watched as she drove off out of National’s 13lot. While Ms. Heflin did testify that she assumed she was listed as an additional driver on the rental agreement, the undisputed fact that the rental agent treated Ms. Heflin as an *904 additional driver gave reason for this belief. We find the actions of the National rental agent shows a sufficient acquiescence in, or lack of objection to, the use of the vehicle. Accordingly, we find the trial court erred in rendering judgment in favor of Allstate, and we hereby reverse that ruling and remand to the trial court for further proceedings.

REVERSED AND REMANDED.

. Sauer v. Nat’l Car Rental Sys., Inc., 03-1456 (La.App. 5 Cir. 4/27/04), 873 So.2d 808.

. Ms. Hutchins died about one year after the accident.

. 97-0416 (La. 12/2/97), 702 So.2d 686.

. Simms v. Butler, 702 So.2d at 689.

. Tunstall v. Stierwald, 2001-1765 (La.2/26/02), 809 So.2d 916, 921.

. Doerr v. Mobil Oil Corp., 2000-0947 (La. 12/19/00), 774 So.2d 119, 124.

.Simms, 702 So.2d at 687-88.

. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).

. Guillot v. East Jefferson Gen. Hosp., 02-1074 (La.App. 5 Cir. 1/28/03), 839 So.2d 334.

. Stobart v. State, Through DOTD, 617 So.2d 880, 882 (La. 1993).