NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-222

PATRICIA K. MCNEELY

VERSUS

SAFE HAVEN ENTERPRISES, INC.

**********

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C-736-04
HONORABLE WENDELL R. MILLER, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of John D. Saunders, Marc T. Amy, Elizabeth A. Pickett, Billy H. Ezell and James T. Genovese, Judges.

REVERSED AND REMANDED.

Saunders, J., dissents and assigns written reasons.
Amy, J., dissents and assigns written reasons.

Stanley Stephen Spring II
Spring, Spring & Assoc.
8939 Jefferson Hwy., Suite E
Baton Rouge, LA 70809
(225) 932-9671
Counsel for Defendant-Appellant:
Safe Haven Enterprises, Inc.

**Milo Addison Nickel Jr.**
**Nadia de la Houssaye**
**The Dill Firm, APLC**
**P. O. Box 3324**
**Lafayette, LA 70502-3324**
**(337) 261-1408**
**Counsel for Defendant-Appellee:**
**MB Industries, LLC**

**Pickett, Judge.**

The defendant/plaintiff-in-reconvention, Safe Haven Enterprises, Inc., appeals a judgment of the trial court granting the motion for summary judgment filed by third-party defendant MB Industries, LLC and dismissing Safe Haven's suit against MB Industries with prejudice.

## STATEMENT OF THE CASE

This matter was initiated when Patricia McNeely (McNeely) sued her former employer, Safe Haven Enterprises, Inc. (Safe Haven), for $3,000.00. Safe Haven answered the suit by denying it was indebted to McNeely. Safe Haven also filed a reconventional demand alleging, *inter alia*, that McNeely violated a nondisclosure agreement by divulging Safe Haven's trade secrets to her new employer. Safe Haven amended its reconventional demand to add Solomon Silva, Bravo Engineering (Bravo) and MB Industries (MBI) as third-party defendants, alleging that they benefitted from McNeely's disclosure of Safe Haven's trade secrets. McNeely allegedly did research for Bravo, and was later employed by MBI. Safe Haven also sought and received a temporary restraining order on April 15, 2005, enjoining MBI and McNeely from marketing the products it alleges were certified because of the use of Safe Haven's trade secrets. Later, James O'Neal and Bravo Zulu Services, Inc. (Bravo Zulu) were added as defendants in a second supplemental reconventional demand. The TRO was dissolved by the trial court on May 10, 2005. Following contentious discovery efforts, MBI filed a motion for summary judgment on August 16, 2005. MBI sought to have Safe Haven's claims dismissed by arguing that the process by which Safe Haven had its products certified for sale to the United States Department of State, Office of Diplomatic Security (DOS/ODS), was not a trade

1

secret, that Safe Haven had no evidence that any information was misappropriated by MBI, and that Safe Haven had no evidence that MBI conspired with any other person or corporation to steal a trade secret from Safe Haven. Following a hearing on November 23, 2005, the trial court ruled that the motion for summary judgment would be granted. A judgment in conformity with his oral reasons was signed on December 9, 2005. Safe Haven now appeals.

## ASSIGNMENTS OF ERROR

The appellant Safe Haven asserts two assignments of error:

1.     The trial court erred in granting motion for summary judgment as to issue of "trade secrets."

2.     The trial court erred in granting motion for summary judgment as to issue of misappropriation.

## DISCUSSION

Appellate courts review summary judgments de novo under the same criteria that govern the trial court's consideration of whether a summary judgment is appropriate. *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991). The mover is entitled to judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with supporting affidavits, if any, show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).

Safe Haven alleges that the process by which their products are approved for certification by the DOS/ODS is a trade secret as defined by La.R.S. 51:1431(4), and that McNeely misappropriated the certification process used by Safe Haven by sharing it with MBI. Louisiana Revised Statutes 51:1431(4) states:

> "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that:

2

(a) derives independent economic value, actual or potential, from not being generally known to and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use, and

(b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

To support its contention that the certification process is a trade secret, Safe Haven's principals, John and Alta Baker, indicated that they made efforts to keep the information secret. They also introduced affidavits from defense contractors that stated that the certification process was considered a trade secret in the industry.

MBI countered by providing a copy of the certification process found on the internet web sites of the Department of State and of HP White Laboratories, which performs testing for the federal government. Safe Haven alleges that there is more to the process than what is found on those web pages, but refused to elaborate. We note, however, the Uniform Trade Secrets Act gives the court a mechanism for keeping trade secrets from being exposed during the course of litigation. *See* La.R.S. 51:1435. Finally, Safe Haven admits that other companies have successfully navigated the certification process required by the DOS/ODS without stealing trade secrets from Safe Haven.

MBI is entitled to summary judgment as a matter if law if there is no genuine issue of material fact as to whether the certification process meets the definition of a trade secret. This is, in fact, a hotly contested issue. MBI claims all information necessary for the certification process is available to the public and cannot, therefore, be a trade secret. Safe Haven timely filed into the record affidavits executed by defense contractors regarding the belief in the industry that the certification process is indeed a trade secret. Because there is a material issue of fact as to this crucial

3

issue, summary judgment is precluded, and the judgment of the trial court must be reversed.

Because we find merit in the first assignment of error, it is unnecessary for us to address the issue set forth in the second assignment of error.

## DISPOSITION

The judgment of the trial court granting summary judgment in favor of MBI is reversed, and the case is remanded for further proceedings. All costs of this proceeding are cast upon MBI.

**REVERSED AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.

NUMBER CA 06-0222

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

PATRICIA K. MCNEELY

VERSUS

SAFE HAVEN ENTERPRISES, INC.

SAUNDERS, J., dissents.

Safe Haven needed to show that the "process of certification" is of such a nature that it can legally be considered a trade secret, and also, that MBI misappropriated this secret. Safe Haven has completely failed to show a trade secret or even identify the components of its "process" that it considers to be a trade secret. It has failed to present any evidence to show that MBI used the same (but unidentified) process, and has further failed to show that whatever process MBI used (also unidentified) was obtained from Safe Haven. Accordingly, I respectfully dissent.

NUMBER 06-222

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

PATRICIA K. MCNEELY

VERSUS

SAFE HAVEN ENTERPRISES, INC.

AMY, J., dissenting.

I find that an affirmation is required as Safe Haven has failed to oppose the motion for summary judgment with sufficient evidence. As noted in my recent dissent in *Armstrong v. Thrifty Car Rental*, 05-1461 (La.App. 3 Cir. 6/7/06), 933 So.2d 235 (Amy, J., dissenting), I conclude that a party may not successfully oppose a motion for summary judgment by merely restating an allegation or advancing a subjective opinion as to the ultimate issue to be decided by the trier of fact. The ultimate issue here is whether Safe Haven's process is a trade secret. Safe Haven's submission merely reiterates its allegation or belief that its process is a trade secret. Louisiana Code of Civil Procedure Article 966(C)(2)(emphasis added) indicates that when "the adverse party fails to produce *factual support* sufficient to establish that he will be able to satisfy his evidentiary burden of trial, there is no genuine issue of material fact." As noted by Judge Saunders, Safe Haven has failed to produce such *facts*. Rather, it rests on its allegation as to the very issue of the case.

With regard to the expert affidavit testimony submitted, Article 967 again indicates that affidavits filed opposing a summary judgment "shall set forth such *facts* as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." An expert's opinion may be submitted in opposition to a motion for summary judgment if the necessary requirements are met and may create a genuine issue of material fact. *See*

*Independent Fire Ins. Co. v. Sunbeam Corp.*, 99-2181 (La. 2/29/00), 755 So.2d 226, However, the opinion offered in this case does not do so as the absence of the factual basis on which the bare opinion is formed renders it insufficient to demonstrate that Safe Haven could prevail on the merits of its claim. Thus, I find that Safe Haven has not successfully opposed the motion for summary judgment.

For these reasons, I respectfully dissent.